MARY BESENECKER ET AL., Respondents, v. JOSEPH E.
SALE, Appellant.

### January 6, 1880.

1. In an action for damages for the killing of the plaintiff's husband, an
instruction based upon the hypothesis of justifiable homicide should not
be given where there is no evidence of circumstances which would war-
rant the defendant in believing that the deceased was about to do him
great bodily harm, though the deceased, being unarmed, first struck the
defendant.

2. In such an action, where the provocation is inadequate to call for the use of
a deadly weapon, it cannot be said to be an efficient cause of the injury,
and does not make such a case of contributory wrong as will defeat a
recovery.

3. The doctrine that he who seeks and brings on an affray cannot avail him-
self of the plea of self-defence, has no application in a case like the pres-
ent — a civil action for damages by a representative of the deceased.

4. In such an action it is not error to refuse to instruct that the jury, in assess-
ing damages, must not take into consideration the mental suffering of the
plaintiff caused by the death of her husband.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

JEFF. CHANDLER, for the appellant: A homicide may be
excusable though not justifiable; when excusable, no action
will lie for damages by the representative of the deceased.—
Wag. Stats. 446, sect. 5; *Morgan v. Durfee*, 69 Mo. 469.
If the injury to the deceased was brought upon him by his

own wrong, there can be no recovery in this case. — Broom's Leg. Max. 204 ; Cooley on Torts, 44 ; *The State* v. *Linney*, 52 Mo. 40 ; *The State* v. *Underwood*, 57 Mo. 40 ; *The State* v. *Hudson*, 59 Mo. 135 ; *The State* v. *Brown*, 64 Mo. 367 ; *The State* v. *Christian*, 66 Mo. 138. Damages for injury to the feelings are not allowable. — *Blake* v. *Railroad Co.*, 83 Eng. Com. Law, —. And the jury should be so instructed. — *Chicago* v. *Shatton*, 75 Ill. 468. The measure of damages in such cases is the reasonable expectation of pecuniary advantages from the continuance of the life of the deceased. — *Pym* v. *Railroad Co.*, 116 Eng. Com. Law, 396 ; *Franklin* v. *Railroad Co.*, 3 Hurl. & N. 211 ; *Railroad Co.* v. *Butler*, 57 Pa. St. 335 ; 26 Ill. 400 ; 24 Md. 271. The burden is not on the defendant to show that the killing was not wrongful. — *The People* v. *Stokes*, 53 N. Y. 164 ; *The State* v. *Patterson*, 45 Vt. 308.

GOTTSCHALK, for the respondent, cited : *White* v. *Maxey*, 64 Mo. 552.

HAYDEN, J., delivered the opinion of the court.

This is an action for recovery of damages ensuing from the act of the defendant in killing one Buckholz, former husband of the plaintiff, who is now Mary Besenecker. The defendant and Buckholz had an altercation, which resulted in the defendant's stabbing Buckholz with a knife in the region of the heart. Buckholz afterwards became well enough to go out, and, prosecuting the defendant criminally, came to St. Louis to attend the trial. After getting down from his wagon and walking a short distance, he fell dead in the street. It appeared, on the autopsy, that the pericardium, or membraneous covering of the heart, had been wounded as by some sharp instrument, and the testimony tended to show that the wound had produced pericarditis, which, impeding the action of the heart, caused the death.

The answer set up that the defendant was repelling the attack of Buckholz, and acted only in self-defence. There

was a verdict for plaintiffs for $600. It is complained that the instructions given were erroneous. But those upon the main issue were, if anything, too favorable for the defendant. The present is a civil damage case, and no good reason exists why trial courts, in cases of this kind, should hesitate, on account of the homicide, to apply the ordinary tests by which it is determined whether there is any evidence to support the instructions. If any mistake was here committed, it would appear that it was, as in *White* v. *Maxey*, 64 Mo. 552, in assuming that there was evidence tending to support instructions based upon the hypothesis that the act of the defendant was justifiable, and therefore not wrongful. There was a direct conflict in the evidence ; but, taking that most favorable to the defendant, it may be doubted whether there was any which tended to prove that the defendant, in stabbing Buckholz, acted in self-defence, or had reasonable cause to apprehend that his (the defendant's) life was in danger, or that there was immediate danger of the accomplishment of any design on the part of Buckholz to do the defendant some great bodily harm. It is true that the defendant's evidence tended to prove that Buckholz provoked the difficulty and struck the first blow ; but he had no weapon. He used only his hand or fist, and, for aught that appears, the defendant might have completely repelled the attack in the same way. It is true that the deceased called for his gun ; but these were mere words. There is nothing to show that any gun was at hand, and from the situation of the parties in the open road, there would have been ample opportunity for the defendant to have seen any one approaching with a gun or other weapon. If it was under these circumstances, and when refusing to retreat, as he might have done, that the defendant stabbed Buckholz with a knife in the region of the heart, then there was no foundation in the evidence for giving the instructions asked by the defendant, even if they had contained

correct propositions of law. As suggested above, the court below went very far, considering the evidence, in giving the instruction, to the effect that if the jury found from the evidence that Buckholz assaulted the defendant in such a manner and under such circumstances as gave the defendant reasonable cause to apprehend that his life was in danger, or that Buckholz designed to do him some great bodily injury, and defendant so believed, and at the same time had reasonable cause to believe, and did believe, that there was immediate danger of such design being then and there accomplished ; and that, so believing, the defendant inflicted the wound in self-defence, and to prevent such design being accomplished, the jury should find for the defendant. The decisive point is, of course, not what the defendant believed, but what belief and what action on his part the surrounding circumstances warranted ; and on this question, under the issues presented, the case hinged, not upon the questions presented by the defendant's instructions. ‘ ·

The facts recited dispose also of the point made by the defendant, that the court should have put to the jury the question whether the injury was brought about by the wrongful conduct of Buckholz. The argument seems to be that even if the wounding was unjustifiable, and the act therefore wrongful, yet if the wrong of Buckholz caused or directly contributed to his injury, the plaintiff cannot recover. This is clear. The defence of contributory wrong is not indeed pleaded,— justification being the only plea,— but the facts are pleaded and the question was raised upon the trial. The jury have found that the stabbing was a wrongful act, and the defendant now contends that the question of contributory wrong should have been put to the jury. But allowing that cases may occur where the evidence, though failing to prove justification, may yet prove such connection between the provocation given by the de-

ceased and the injury as would prevent a. recovery, — the wrong of the deceased so far mingling with the defendant's wrong as to prevent the injury from being in law distinctly the act of the defendant, — yet the case at bar is clearly not such a case. The provocation was entirely inadequate to produce the act which caused the injury ; hence that act — the stabbing — was the act of the defendant alone. There is no causal connection, such as must always exist in a .case of contributory wrong, between the injury and the acts of the person on whose behalf recovery is sought. In any light, the conduct of Buckholz can be considered only as remotely contributing to produce the injury, not as adequate to produce it as a natural or reasonable effect, or as directly mingling as an efficient cause. As Buckholz used only his hands or fists, and in no dangerous way, especially as there was apparently little if any disproportion between the men in strength, the natural and probable result of his conduct was not to produce death or any serious bodily hurt, nor would the jury have been warranted in finding that such conduct directly contributed to the result — that is, the injury producing death. If into what, for aught that appears, would have been a simple contest with hands, arising casually, the defendant introduced the element of a deadly weapon, aimed at the heart, here was the real and effective cause of the death-producing injury ; and if, as the defendant had been whittling, the use of the knife was accidental, that does not affect this question.

The defendant, indeed, relies on the doctrine that he who seeks and brings on a difficulty and voluntarily engages in it cannot avail himself of the plea of self-defence, as applied in certain criminal cases ( *The State* v. *Christian*, 66 Mo. 138 ; *The State* v. *Underwood*, 57 Mo. 40 ; *The State* v. *Starr*, 38 Mo. 270), and contends that, by parity of reasoning, the principle of these cases applies here. But, even as against an accused

in a criminal case, this doctrine, which, as laid down by Hale and Hawkins, had probably in view that both men were armed, is to be received with important qualifications. Hale's P. C. 281, 282 ; 1 Bishop's Cr. Law, 483 ; *The State v. Neeley*, 20 Iowa, 116. For the present common law of England on this subject, as stated by Sir J. F. Stephen, see his recent Digest, pp. 140 a, 141 c. Here the defendant, upon the supposition that he was seriously threatened, might have retreated ; but instead of doing this, and so putting himself in the position of one who is driven to the wall and there defends himself, he engaged in combat and used a knife. The reason that, in certain cases, the law will not allow one accused of murder to urge the plea of self-defence when he has brought on the affray, is because of the countenance that would be given to contrived murders, punishment for which might be avoided under this plea. But the question in the case at bar, of contributory wrong, cannot be determined by other tests than those which would apply if the injured person had survived. In spite of his fault, he could then have recovered, if the particular injury had been the distinct act of the defendant.

In giving an instruction as to the damages, which followed the statute and applied its terms to the facts of this case, and in refusing the defendant's instruction to the effect that the jury must be confined to the damage incurred by the loss of the husband as support of the wife, and must not include mental suffering or grief occasioned by the loss, the court did not err. Wag. Stats. 520, sect. 4. *Owen* v. *Brockschmidt*, 54 Mo. 285 ; *Foppiano* v. *Baker*, 3 Mo. App. 559.

The judgment is affirmed. All the judges concur.