NAGEL v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroads** : LIABILITY FOR UNGUARDED TURN-TABLE. To hold a railroad company liable for the consequences of its negligence in leaving a turn-table unfastened and unguarded, it is not necessary to show that the company was the owner of the turn-table. It is sufficient if it appears that it was in the charge or under the control of the company.

2. ———— : ———— : PLEADING. · The petition in the present case stated in substance that the defendant railroad company " used and operated " a turn-table in connection with its railroad, and that it was the duty of the company to keep the turn-table locked and fastened. *Held,* that these averments were equivalent to a charge that the defendant controlled the turn-table.

3. ———— : ———— : INJURIES TO CHILDREN PLAYING ON TURN-TABLE. It is negligence on the part of a railroad company to omit to secure its turn-tables so that children cannot revolve them. If a child is injured in consequence of such an omission, the company will be liable, and the fact that the turn-table was being revolved by other children at the time will make no difference.

4. **Negligence** : WHEN A QUESTION FOR THE JURY. The rule is that whether a person injured by the negligence of another was exercising ordinary care, is a question to be determined by the jury, either where the facts are disputed, or where there is a dispute or reasonable doubt as to the inferences to be drawn from undisputed facts. ·

5. **Action for Personal Injuries** : VERDICT. To authorize a verdict for substantial damages in an action by a parent for the negligent killing of his infant child, it is not necessary to make proof of the amount of damages sustained. The jury may infer this from all the facts in evidence.

6. ———— : MITIGATING AND AGGRAVATING CIRCUMSTANCES. It seems that a general instruction to the jury, in an action by a parent for the negligent killing of his infant child, that in determining the

| 75 | 653 |
| 35a | 111 |
| 75 | 653 |
| 40a | 464 |
| 75 | 653 |
| 45a | 541 |
| 49a | 270 |
| 75 | 653 |
| 108 | 17 |
| 75 | 653 |
| 112 | 246 |
| 75 | 653 |
| 116 | 466 |
| 75 | 653 |
| 123 | 230 |
| 124 | 245 |
| 75 | 653 |
| 68a | 100 |
| 75 | 653 |
| 140 | 631 |
| 75 | 653 |
| 146 | 282 |
| 147 | 186 |
| 76a | 55 |
| 76a | 675 |
| 75 | 653 |
| 82a | 14 |
| 75 | 653 |
| 92a | 4120 |
| 75 | 653 |
| e169 | 1428 |
| 75 | 653 |
| 96a | 4369 |
| 75 | 653 |
| 179 | 559 |

amount of the verdict they should have "regard to the mitigating and aggravating circumstances," is bad ; the instruction should designate what circumstances are to be considered as mitigating or aggravating damages.   But if there are no mitigating circumstances in evidence, the defendant cannot complain of such an instruction for its generality.

7.  ———. If an injury received through the negligence of the defendant be the immediate cause of the death of the injured person, the fact that he was unskillfully treated and that this contributed to his death will be no defense to an action by the next of kin.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Thos. J. Portis* and *H. S. Priest* for appellant.

The petition did not state facts sufficient to constitute a cause of action.   It was nowhere alleged that defendant owned or in any manner controlled the turn-table, or that it had any right or authority to control it.   A mere allegation that defendant used and operated said turn-table is not sufficient.   If defendant did not own or control the turn-table, it could not be held liable for the neglect or failure of the owner, or person controlling the same, to keep it fastened or so secured as to prevent children from being injured by it.   For aught that appears in the petition, the defendant only used the turn-table permissively, at the option of the owner thereof, as an occasional, or even continuous accommodation from the owner, in which case no obligation or duty devolves upon the defendant, which would render it liable to plaintiffs in this action. The conclusion of such a use is as legitimately and naturally inferable from the charges in plaintiffs' petition as that of a state of facts or such use as would make defendant liable.   Again, the allegations in the petition clearly show that the boy was injured by the acts of others and not by the acts of defendant.

2.   No doubt can exist upon the evidence that the

boy's death was not a necessary or natural result of the wound, but of the improper treatment of the physicians attending him, and bad nursing and want of proper dressing of the wound, etc. We, therefore, insist that the defendant should not be held responsible for the death, which was not the proximate result of the wound even if defendant caused said wound.

3. The plaintiffs were guilty of contributory negligence. The mother entrusted the child to another person of her own selection, (Alice,) such other person's acts are the acts of the mother, and negligence on such other person's part is the negligence of the mother. *Bell. R. R. Co. v. Snyder*, 18 Ohio St. 399; *s. c.*, 24 Ohio St. 670; 2 Thompson Neg., 1191; *O'Flaherty v. Railway Co.*, 45 Mo. 70; *Stillson v. R. R. Co.*, 67 Mo. 671; *Waite v. N. E. R'y Co.*, 28 L. J., Q. B. 258; 96 Eng. C. L. 728.

4. No damage having been proved, none should have been found. The general rule is that "the proper measure of damages is the value of the child's services, until he attains his majority, from the time of the injury, less the expense necessary for his support and maintenance, taken in consideration with his expectations of life." 2 Thompson Neg., 1292 (3). And nursing, medical attendance and funeral expenses can be recovered if specially pleaded and proved. Ib., 1293 (4). But neither was alleged or proved in this case. In general, under these statutes, the principle under which damages are to be assessed is that of pecuniary injury, and not as a *solatium*. No compensation can be given for wounded feelings, mental or physical pain, or the loss of comfort and companionship of a relative. *Blake v. R'y Co.*, 18 Q. B. 93; *s. c.*, 21 L. J. (Q. B.) 233; *Burke v. R. R. Co.*, 10 Cent. L. J. 48; *State v. R. R. Co.*, 24 Md. 84, 107. In actions under statutes giving a right of action to husband or wife, or parents, brothers and sisters, for the death of a husband, or wife, or parent, or son, or brother, or sister, it seems well settled that the damages provided for and recoverable under them are only such as are pecun-

iary and actual, or fixed in amount by the statutes, and not exemplary, and not on account of the mental suffering of the deceased, or for the sorrow, grief or suffering: of the sorrowing relatives who may be entitled to recover. *Porter r. R. R. Co.*, 71 Mo. 83; *Rains v. R. R. Co.*, 71 Mo. 164. Such being the case, the recovery in this case is limited ·to actual damage, and none having been proved, none ·can be recovered, or at most, only nominal damages, and the court should have so.instructed the jury. 2 Thompson on Neg., 1293 (5); *Brown v. Emerson*, 18 Mo. 103; *Owen v. O'Reilly*, 20 Mo. 603. Father may recover for services of a minor son until he would have been twenty-one years old, whatever the proof shows the services worth. *Ford v. Monroe*, 20 Wend. 210; *Drew v. R. R. Co.*, 26 N. Y. 49. Where it was an infant child, whose service was of no value, only physician's bill and funeral expenses, etc., should be recovered. *Pack v. Mayor*, 3 Comst. 489. As the damages should be confined to compensation for the pecuniary loss, it is erroneous to leave the question of the amount to the uncontrolled discretion of the jury. Sedg. on Damages, (6 Ed.) 698, note; *Pa. R. R. Co. v. Vandever*, 36 Pa. St. 298; *Pa. R. R. Co. v. Ogier*, 35 Pa. St. 60; Field on Damages, 498. In cases arising under the third section of the damage act, the jury should not be left to grope their way unaided through the testimony, to find the circumstances of mitigation or aggravation, which the statute authorizes them to take into consideration in making up their verdict. What circumstances will mitigate or aggravate a wrong done, is a question of law, and if any such circumstances exist, they should be pointed out by the court, and the jury should be restricted to a consideration only of those so designated. *Porter v. R. R. Co.*, 71 Mo. 83; *Rains v. R. R. Co.*, 71 Mo. 169.

*Botsford & Williams* and *M. J. Leaming* for respondents.

1. The petition is sufficient, and the company's de-

murrer thereto was properly overruled. Ownership of the turn-table by appellant was not necessary in order to make it liable for using it and negligently leaving it unlocked and unguarded to the injury of others. *Fletcher v. R. R. Co.*, 1 Allen 9; Shearman & Redfield Neg., (2 Ed.) 501, 504. The words " use and operate," and " using and operating," which are employed in the petition, are terms used in the statutes of this State defining the duties and creating the liabilities of railway companies, (R. S. 1879, §§ 809, 810, 818, 832, 834, 844,) and the refusal of the court to give appellant's instructions three, four, five and ten, based on the same grounds as were contained in the demurrer to the petition, was proper. *Stetler v. R. R. Co.*, 46 Wis. 502; *s. c.,* 49 Wis. 613; *Jetter v. R. R. Co.*, 2 Keyes 154; *Stanton v. Bridge Co.*, 47 Vt. 172; 14 Am. L. R. 469. The fact that appellant may not have owned the turntable, but used it wrongfully as a trespasser, did not exempt it from liability if it left it in such condition as to kill respondents' child.

2. The action of the court in submitting to and not withdrawing from the jury the issue of contributory negligence on the part of respondents, was proper. *Thompson v. R. R. Co.*, 51 Mo. 190; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Hicks v. R. R. Co.*, 64 Mo. 430; *Boland v. R. R. Co.*, 36 Mo. 491; *Wyatt v. R'y Co.*, 55 Mo. 485; *Norton v. Ittner*, 56 Mo. 352; *Owens v. R. R. Co.*, 58 Mo. 393; *Smith v. R. R. Co.*, 61 Mo. 592; *Stoddard v. R. R. Co.*, 65 Mo. 521; *Mauerman v. Siemerts*, 71 Mo. 105; *Langan v. R. R. Co.*, 72 Mo. 397; *Kelley v. R. R. Co.*, 50 Wis. 385; *Hoyt v. Hudson*, 41 Wis. 105; *Railroad Co. v. Fuller*, 17 Wall. 569; *Railway Co. v. Fitz Simmons*, 22 Kas. 686; *Railway Co. v. Bohn*, 27 Mich. 503; *s. c.,* 12 Am. L. R. 745; *Railway Co. v. Pointer*, 14 Kas. 53; *Railroad Co. v. Hotham*, 22 Kas. 49, 50; *Johnson v. R. R. Co.*, 20 N. Y. 74; Wharton on Neg., §§ 420, 425, 427; Cooley on Torts, p. 670. And appellant's instructions seven and eight were, therefore, rightfully refused.

3. The leaving unguarded and unlocked a heavy turn-table for the revolving of locomotive engines, so that it could be easily turned by a boy ten years old, in an open space of ground near a large flouring mill, the city gas works, dwelling houses and shops, in the midst of the principal play-ground for the boys of a city of 5,000 people, where circus managers pitched their tents and exhibited their shows, and under the shadow and within a stone's throw of the State capitol, and after the company's agents had been informed of previous injuries to other boys thereon, was grossly negligent and fully warranted the verdict and judgment below. Respondents' first instruction was, therefore, properly given, and appellant's instruction number 6 was rightfully refused. *O'Flaherty v. R'y Co.*, 45 Mo. 73 ; *Koons v. R. R. Co.*, 65 Mo. 597 ; *Stout v. R. R. Co.*, 17 Wall. 657 ; *s. c.*, 2 Dill. 294; *s. c.*, 11 Am. L. R. 226 ; *Keffe v. R'y Co.*, 21 Minn. 207 ; *Railway Co. v. Fitz Simmons*, 22 Kas. 690 ; *Railway Co. v. Kellogg*, 94 U. S. 474.

4. The absence of proof of special pecuniary damage to respondents resulting from the death of their child would not have justified the court in giving the instruction asked by appellant, number 12. *Ihl v. R. R. Co.*, 47 N. Y. 321 ; *Oldfield v. R. R. Co.*, 14 N. Y. 310 ; *O'Mara v. R. R. Co.*, 38 N. Y. 445. And respondents' eighth instruction, being in the language of the statute, (§ 2123,) and of a like instruction given in the case of *Owen v. Brockschmidt*, 54 Mo. 287, was properly given.

NORTON, J.—This is an action for the recovery of damages for the death of plaintiffs' infant son Albert, which is alleged to have been caused by the negligent acts of defendant. . It is alleged in the petition that on the 27th day of May, 1878, defendant owned and operated a railroad through the City of Jefferson, and in connection therewith used and operated a turn-table so constructed and arranged as to be easily turned round and caused to revolve ; that

said turn-table was situated in an open and public place in said City of Jefferson; that children were in the habit of resorting to said turn-table and going upon the same to play; that said turn-table was unfastened, without locks and unprotected by inclosures or otherwise, so as to prevent its being turned round at will by small children—of all which defendant had knowledge, and of the unsafe and dangerous condition of said turn-table; that the son of plaintiffs, who was a child of tender years, without judgment or discretion above children of his own age, was by the wrongful acts and neglect of said defendant, in permitting said turn-table to remain unguarded and unfastened, and while said turn-table was being revolved by other children, so injured and wounded that he died from the effects thereof.

The defendant in the answer denies each allegation of the petition, and avers that the injury and death of the son of plaintiffs was caused by the negligence and carelessness of the child, and also by the carelessness and neglect of plaintiffs directly contributing to the injury.

Upon the trial of the cause plaintiffs obtained judgment for the sum of $1,050, from which defendant has appealed, and assigns as the chief grounds of error the action of the court in overruling defendant's objection to the introduction of any evidence, and in giving improper and refusing proper instructions.

The objection to the introduction of evidence was based upon the alleged ground that the petition failed to state a cause of action, in this, that it did not allege that defendant was the owner of the turn-table or controlled the same at the time the injury, which occasioned the death of the child, was received. If ownership of the turn-table were necessary to fasten liability on the defendant for not keeping it so guarded that children who might be enticed to it, could not revolve it, as a plaything, to their injury, then the objection made would be well grounded. But we do not so

1. RAILROADS: liability for unguarded turn-table.

understand the law, and have been cited to no authority which sustains the proposition; but on the contrary we have been cited to the case of *Fletcher v. Railroad Co.*, 1 Allen 9, and Shearman & Redfield on Negligence, 501, 504, where the rule is laid down that ownership in such cases is not the test of responsibility, and that if enough appears to show that the party sought to be made liable had the property in his charge or under his control on which the nuisance complained of existed, it is sufficient.

The petition, we think, states enough to bring it within the operation of the above principle. It charges that at 2. ____: ____: the time of the injury and for a long time pleading. previous thereto, defendant owned and operated a railroad, and in connection therewith " used and operated during the times aforesaid, and still uses and operates, a turn-table located in an open and public place in the City of Jefferson, and that it was the duty of defendant to keep said turn-table fastened, locked, inclosed or in some other way protected, so that children could not have access thereto, revolve the same, and thereby receive injuries." While the petition is subject to verbal criticism, in that it does not aver in express terms that defendant had in its charge or under its control the turn-table, still the averment that it used and operated the same in connection with a road owned by it, and that it was its duty to keep it locked and fastened, may be considered as equivalent to charging that defendant controlled it. Certain it is that the exclusive use and operation of such a structure is the highest, if not conclusive, evidence that a person so using it has it in his charge and under his control. The same form of expression is used in various statutes of the State creating duties and imposing liabilities on railroad companies. The words employed are " running or operating," " managing or operating," and are evidently used in the sense of controlling or having in charge. R. S. 1879, §§ 809, 810, 832, 834, 844.

It is also urged that the objection to the admission of

evidence should have been sustained because the petition **3.** ——: ——: shows that plaintiffs' son was injured by the **Injuries to children playing on turn-table.** acts of other children in revolving the turn-table. This point, we think, is not well taken. If defendant was negligent in not securing the turn-table, so that it could not be revolved by children, to their injury, the mere fact that it was revolved by other children who were playing upon it at the time the child was injured, will not excuse defendant, if such act ought to have been foreseen or anticipated by it. That it ought to have been foreseen and provided against is shown by the case of *Koons v. Railroad Co.*, 65 Mo. 592. Not having been provided against, the original negligence continued and remained a culpable and direct cause of the injury, and the test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise. *Lane v. Atlantic Works*, 111 Mass. 136. Mr. Wharton on Negligence, section 85, states the doctrine thus: "As a legal proposition we may consider it established that the fact that the plaintiff's injury is preceded by several independent conditions, each one of which is an essential antecedent of the injury, does not relieve the person, by whose negligence one of these antecedents has been produced, from liability for such injury."

The above disposition of the objections made to the petition also disposes of the objections taken to the action of the court in giving plaintiffs' first and fifth instructions, which are to the effect that if defendant used and operated said turn-table or had the charge of the same, it was liable for injuries occasioned by its neglect to keep the same so guarded or fastened that it could not be revolved. It also disposes of the objections made to the action of the court in refusing defendant's instructions to the effect that as the petition did not in terms allege that at the time of the injury the turn-table was owned or controlled by defendant, and as there was no evidence of either of these facts, the

jury would find for defendant, and also the objections taken
to the action of the court in refusing defendant's fourth
fifth, sixth and tenth instructions of a like character. The
circuit court evidently tried the case on the theory that
the averment in the petition that defendant used and
operated the turn-table was equivalent to alleging that it
had charge and control of the same, and accordingly, as
we think properly, instructed the jury in the first and fifth
of plaintiffs' instructions, and properly refused instructions
numbered three, four, five, six and ten asked by defendant
negativing plaintiffs' right to recover on the ground that
the petition did not in terms aver that the turn-table was
either owned or controlled by defendant.

Defendant's instruction in the nature of a demurrer
to the evidence was rightfully refused. There was evi-
dence tending to show that the turn-table was erected by
the Pacific Railroad Company in 1870, the land upon which
it was situated having been conveyed to it by H. C. Ewing,
as agent for the City of Jefferson and other parties, with
certain conditions annexed, in the event of a non-compli-
ance with which the title was to revert to the city; that it
used said turn-table, which was connected with a round-
house and also with the main track of the road, till 1876,
when all the right and title of said company passed to and
vested in defendant; that from that time and up to and
after the injury to plaintiffs' son defendant continued to
use and operate said turn-table and the side-track or switch
leading to it from the main track, when occasion required
it; that although defendant had broken the conditions in
the deed conveying title, no actual forfeiture or re-entry
by the city took place till in August, 1878, when defendant
made a quit-claim deed to the city and restored possession.
The evidence tended further to show that the turn-table
was exclusively in the charge and under the control of de-
fendant by its exclusive use and operation of it. It also
tended further to show that the structure was erected on
open ground in a well settled portion of the city, and near

a place where the children habitually congregated as a play-ground, and where a large portion of the population went to attend circus exhibitions; that it was a dangerous structure when left exposed and unfastened, and was liable to injure children who might be enticed upon it; that children were in the habit of playing upon it, and had been previously injured by it—of all which defendant had knowledge.

Defendant also offered the following instructions:

7. The court instructs the jury that the undisputed evidence in this case shows that the plaintiffs' said deceased son was of an age too young and tender to be, himself, chargeable with contributory negligence, and that on the day he was injured by the turn-table in question, Mrs. Emma Nagel, his mother and one of the plaintiffs in this suit, in the absence of her husband, the other plaintiff herein and the father of said boy, placed their said little son in charge and under the protection of their daughter, an elder sister of their said son, to go to a place in Jefferson City near where he was injured as aforesaid, and that his said sister to whose care and protection he had been entrusted by his mother as aforesaid, left him, her said little brother, at or near the said place and went home, soon after which he was injured upon the turn-table in question; and that such conduct on the part of his said sister, to whose care and protection he had been entrusted as aforesaid, was, in law, the act of the plaintiffs themselves, and constituted such carelessness and negligence on their part as to prevent a recovery by them in this case, and the jury are instructed that they must find for defendant.

4. NEGLIGENCE: when a question for the jury.

8. The court instructs the jury that the undisputed evidence in this case shows that the mother of Albert Nagel, the plaintiffs' said deceased son, who is one of the plaintiffs in this suit, in the absence of her husband, who is the other plaintiff and the father of said Albert Nagel, and on the day on which he was injured on the turn-table,

placed their said son in charge and under the protection of their daughter, an elder sister of their said son, to go to a place near where he was injured, in Jefferson City, and that his said sister to whose care and protection his said mother had entrusted him, left him, her said brother, at or near the said place and went home, soon after which he was injured upon the turn-table in question; and that such conduct on the part of his said sister, to whose care and protection his mother had entrusted him, was, in law, the act of the mother herself, and constituted such carelessness and negligence on their part as to prevent a recovery by the plaintiffs in this case, and the jury must find for defendant.

These instructions were refused, and an instruction given on the part of plaintiffs to the effect that unless the jury believed that Mrs. Nagel, in permitting her child Albert to go to the circus, omitted such reasonable care as persons of ordinary prudence exercise and deem adequate in the case of their children under like circumstances, or that Alice, the daughter of plaintiffs, in leaving her brother Albert at the circus, omitted such reasonable care as would be ordinarily exercised under like circumstances by children of the same age, capacity and judgment as said Alice, then the jury should find that the defense of contributory negligence on the part of plaintiffs had not been made out.

It appears from the evidence that on the day the child was injured a circus company had advertised a performance on the open ground near the said turn-table, and that before the performance began a woman would walk a wire or rope stretched outside the tent; that Mrs. Nagel, the mother of the child, without knowing, as she testified, that there was such a thing as a turn-table near the ground where the exhibition was to take place, consented that her son Albert, about six years of age, might go to the ground in company with his sister Alice, about eleven years old, that they went together in company with other children and that Alice, after remaining some time to see the woman

walk the rope, concluded to return home before the performance came off, leaving her brother (who did not wish to return without seeing it) at a lemonade and refreshment stand, first exacting from him a promise that he would stay at that place till the performance was over and then return home. She also testified that she did not know of the existence of the turn-table or its character.

Under this evidence we think the court properly referred the question of contributory negligence to the jury, the rule being that, whether a person injured by the negligence of another, was exercising ordinary care, is a question to be determined by the jury, either where the facts are disputed, or where there is a dispute or reasonable doubt as to the inferences to be drawn from undisputed facts. Wharton on Neg., § 425. The correctness of the above rule has been repeatedly recognized by this court. *Wyatt v. Railroad Co.*, 55 Mo. 485 ; *Norton v. Ittner*, 56 Mo. 352 ; 61 Mo. 592 ; *Mauerman v. Siemerts*, 71 Mo. 105. From the undisputed facts stated in defendants' refused instruction in connection with other facts not stated, but in evidence, that neither Mrs. Nagel nor her daughter Alice had knowledge of the existence of the turn-table or its dangerous character, a different inference from that announced in the refused instructions might well be drawn.

The court also gave, over defendant's objection, the following instruction for plaintiffs :

The jury are instructed that if you find for plaintiffs, you may, in your verdict, give them such damages, not exceeding $5,000, as you may deem fair and just, with reference to the necessary injury resulting to plaintiffs from the death of their son, and also having regard to the mitigating and aggravating circumstances attending the neglect complained of.

This instruction is objected to on the ground that no evidence was offered by plaintiffs as to the amount of
5. ACTION FOR PER- damages sustained by them, and on the fur-
SONAL INJURIES :
verdict.          ther ground that it omitted to tell the jury

what were mitigating or aggravating circumstances. The instruction as given is based upon section 2123, Revised Statutes, which provides that in such an action as this the jury may give such damages, not exceeding $5,000, as they may deem fair and just with reference to the necessary injury resulting from such death, having regard to the mitigating or aggravating circumstances attending the wrongful act, negligence or default. In the case of *Ihl v. Railroad Co.*, 47 N. Y. 317, where the plaintiff, under a statute like ours, recovered $1,800 for damages resulting from the death of his child three years old, the point made before us was considered, and the court held that the absence of proof of special damage to the next of kin resulting from the death of the child would not have justified the court in non-suiting the plaintiff or in directing the jury to find nominal damages. It was within the province of the jury, who had before them the parents, their position in life, the occupation of the father, and the age and sex of the child, to form an estimate of the damages with reference to the pecuniary injury present or prospective resulting to the next of kin. So in the case of the *City of Chicago v. Major*, 18 Ill. 349, which was an action founded on a statute like ours, it was held " that the jury must make their estimate of damages from the facts proved, and that it was not necessary that any witness should have expressed an opinion of the amount of such pecuniary loss ; that it was proper for the jury to exercise their own judgment upon the facts in proof, by connecting them with their own knowledge and experience, which they are supposed to possess in common with the generality of mankind."

It will be observed that the instruction given is a literal copy of section 2123, *supra*, and such an instruction was expressly approved by this court in the case of *Owen v. Brockschmidt*, 54 Mo. 289.

In view of what is said in the case of *Rains v. St. L., I. M. & S. R'y Co.*, 71 Mo. 165, the instruction should prob-

6. ——: mitigating and aggravating circumstances ably have gone further and designated what facts and circumstances were to be considered either in mitigation or aggravation of damages. If defendant was charged with the duty of keeping the turntable fastened or guarded, and it was negligent in not performing it, there is not a single mitigating fact or circumstance to be found in the evidence, and the failure of the court so to declare, as well as its failure to point out in detail the aggravating facts and circumstances, were errors in favor of defendant, of which it cannot complain.

We perceive no error in the action of the court in giving an instruction to the effect that if the jury believed 7. ——. that the injury received by the boy Albert was the immediate cause of his death, that the fact that he was unskillfully treated and that such treatment contributed to his death, constituted no defense. Judgment affirmed, in which all concur.

*Motion for rehearing overruled.*