W. P. DORITY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, March 2, 1915.**

1. **MASTER AND SERVANT: Injury to Servant: Safe Place to Work: Sufficiency of Evidence.** In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, where the testimony showed that it was the duty of defendant's material department to stack in a rack coupling knuckles similar to the one which fell and that plaintiff had nothing to do with stacking them, *held* that, in the absence of direct evidence, it may be presumed that the knuckle was placed in the rack by the employees in the material department.

2. **RAILROADS: Master and Servant: Injury to Servant: Negligence of Fellow-Servant.** In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, *held* that it would be no defense that the negligence in placing the knuckle in the rack was that of a fellow-servant.

3. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In passing upon a demurrer to the evidence, the evidence is to be viewed in the light most favorable to plaintiff.

4. **MASTER AND SERVANT: Injury to Servant: Safe Place to Work: Sufficiency of Evidence.** In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, evidence *held* sufficient to warrant a finding that the knuckle had been negligently placed in the rack by defendant's employees and that such negligence was the proximate cause of the injury.

5. **————: ————: ————: Contributory Negligence: Assumption of Risk.** In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, *held* that plaintiff could not be denied a recovery on the ground of contributory negligence or assumption of the risk.

6. **————: ————: Burden of Proof.** In an action by a servant for personal injuries, the burden rests upon him to prove the specific acts of negligence pleaded.

7. **————: ————: Safe Place to Work: Anticipating Result of Negligent Act.** In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, *held* that a reasonably prudent person would have anticipated that some injury was liable to result from insecurely stacking the knuckles, which weighed fifty or sixty pounds, at the top of a rack four or five feet in height, about which employees of another department came, from time to time, to procure knuckles, and hence the question of defendant's negligence was for the jury.

8. **————: ————: Anticipating Result of Negligent Act.** It is not essential to a recovery that the precise injury to a servant, occasioned by a negligent omission of the master, could have been anticipated by him, but it is sufficient if it could reasonably have been anticipated that some injury was likely to result therefrom.

9. **————: Injury to Servant: Obligation of Master: Instructions.** In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, an instruction, that it was the "duty of defendant to stack, or cause to be stacked, said knuckles in a reasonably safe

and secure manner," was erroneous, as imposing on defendant the absolute duty to see that the knuckles were stacked in a reasonably safe manner, when its duty extended no further than to exercise ordinary care to that end; but it is *held* that this error is perhaps cured by an instruction given for defendant.

10. ————: ————: Instructions: Assumption of Facts. In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, an instruction, that if the jury find that the knuckle fell on plaintiff by reason of the careless and negligent manner in which it had been stacked, they should find for plaintiff, was erroneous, as assuming that the knuckle was negligently stacked.

11. ————: ————: Instructions: Failure to Submit Specific Negligence. In an action by a railroad car repairman for injuries sustained by reason of an iron coupling knuckle falling from a rack on him, where the petition alleged that defendant was negligent in placing in a rack a coupling knuckle which had a bolt therein that prevented the knuckle from properly fitting into place in the rack, an instruction, that if the jury found that the knuckle fell by reason of the careless and negligent manner in which it was stacked, they should find for plaintiff, was erroneous, in that it failed to require the jury to find the particular negligence charged.

12. NEGLIGENCE: Instructions: Necessity of Submitting Specific Negligence. In an action for personal injuries, where the petition contains specific assignments of negligence, an instruction which permits a recovery without requiring the jury to find such specific negligence is erroneous.

13. INSTRUCTIONS: Assumption of Disputed Facts. An instruction which assumes a disputed fact to be true is erroneous.

14. ————: Necessity of Support by Evidence. Instructions which are not supported by the evidence are erroneous.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

(1) The demurrer to the evidence should have been sustained. (a) There was no causal connection

established between the accident and the negligence charged. There was a total failure of proof that the alleged negligence was the proximate cause of the injury. Warner v. Railroad, 178 Mo. 133; King v. Railroad, 211 Mo. 1; Brick Co. v. Railroad, 17 Mo. App. 624; Foley v. McMahon, 114 Mo. App. 442; Lawrence v. Ice Co., 119 Mo. App. 328; Guffey v. Railroad, 53 Mo. App. 469. (b) Plaintiff pleaded a specific act of negligence, and the burden of proving the same rested on him. The doctrine of presumptive negligence may not be invoked to piece out and uphold his case. McGrath v. Transit Co., 197 Mo. 105; Orcutt v. Bldg. Co., 201 Mo. 443; Cahill v. Railroad, 205 Mo. 404; Roscoe v. Railroad, 202 Mo. 576; Klebe v. Dist. Co., 207 Mo. 489-90; Beave v. Transit Co., 212 Mo. 331; Evans v. Railroad, 222 Mo. 435; Gibler v. Railroad, 148 Mo. App. 475; Pyne v. Marx et al., 152 App. Div. (N. Y.) 471; 1 Shear. & Redf. on Neg. (4 Ed.), sec. 59. (c) It is not negligence to fail to take precautionary measures to prevent an injury which, if taken, would have prevented it, when the injury could not reasonably have been anticipated and would not, unless under exceptional circumstances, have happened. Brew. Assn. v. Talbot, 141 Mo. 683; Glover v. Bolt & Nut Co., 153 Mo. 327; Trigg v. Land & Lbr. Co., 187 Mo. 227. (2) The verdict is excessive and the result of prejudice and bias of the jury. Railroad v. O'Mara, (Ky.) 76 S. W. 402; Railroad v. Shelburne, (Ky.), 117 S. W. 303; Ray v. Railroad, (Wis.) 75 N. W. 420; Railroad v. Neely, (Tex.) 101 S. W. 481; Railroad v. Rigden, (Ga.) 11 S. E. 603; Olsen v. Wendt, 110 N. Y. S. 153; Townsend v. Joplin, 139 Mo. App. 402; Taylor v. Railroad, 185 Mo. 260.

*H. E. Alexander* and *Thos. F. Lane* for respondent.

(1) The demurrer of defendant was properly overruled, because reasonable men might draw differ-

ent conclusions from the evidence, as to whether defendant was guilty of negligence. It is only where the facts are such that all reasonable men must draw the same conclusion that the question of negligence is for the court. Combs v. City of Kirksville, 154 Mo. App. 645; Schwyhart v. Barrett, 145 Mo. App. 332; Darks v. Scudder-Gale Gro. Co., 146 Mo. App. 246. In an action for injuries, the questions of negligence and contributory negligence are primarily for the jury, and only become questions of law when there is no dispute in the evidence, and but one inference can be reasonably drawn therefrom. Shamp v. Lambert, 142 Mo. App. 567; Tuck v. Traction Co., 140 Mo. App. 335; Lawrence v. Railroad, 141 Mo. App. 338; Johnson & Co. v. Refrigerating Co., 141 Mo. App. 441; Monroe v. Railroad, 155 Mo. App. 710; Osborn v. Nelson, 141 Mo. App. 428; Vaughn v. Brewing Co., 152 Mo. App. 48; Murrel v. Smith, 152 Mo. App. 95. (2) There were two propositions that arose upon the evidence in this case, viz.: (a) Was the defendant guilty of negligence in stacking the drawhead knuckles in the manner shown by the evidence? (b) Was the plaintiff guilty of contributory negligence as shown by the evidence? Both questions were for the jury, and both were properly submitted to the jury under appropriate instructions. Stewart v. Railroad, 142 Mo. App. 322; Heine v. Railroad, 144 Mo. App. 443. (3) The negligence charged by plaintiff and which was properly submitted to the jury under plaintiff's instruction number 1, was simply that defendant had caused the drawhead knuckles to be stacked in an unsafe and negligent manner; that one of said knuckles placed in the rack contained a long loose bolt, in the eye of the knuckle, which prevented the knuckle from fitting into the stack, "causing it to fall." This specific fact was proved by plaintiff and one other witness—the jury found from the evidence in favor of plaintiff. See

188MA24

cases under point I. (4) Under paragraph "C" of appellant's "Points and Authorities" counsel states that "It is not negligence to fail to take precautionary measures to prevent an injury which, after taken, would have prevented it, when an injury could not reasonably have been anticipated and would not, unless under exceptional circumstances, have happened." We submit that the true rule in this State is that in case of negligence, liability does not hinge on whether, by the exercise of reasonable prudence, the very injury complained of ought to have been foreseen. The party charged may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission. Benton v. City of St. Louis, 154 S. W. 473.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff while in defendant's employ as its servant and alleged to have been caused by defendant's negligence. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff, and the case is here upon defendant's appeal.

Plaintiff was in defendant's service as a car carpenter at Chaffee, Missouri, and was engaged in repairing a certain car for which he needed a "knuckle," of a certain character, which was to be fastened to a "drawhead," forming a part of the car coupling. It appears that these knuckles are of steel, weighing perhaps fifty or sixty pounds. According to plaintiff's testimony and that of a fellow workman, plaintiff went to a platform where knuckles were kept, in search of a "Tower" knuckle; and not finding such a knuckle in two "knuckle racks" standing on this platform and which contained quite a number thereof, he began to examine other knuckles lying about or piled upon the platform, and had his right hand upon a knuckle which he had just turned over, near one of the racks,

when a knuckle fell from the top of such rack injuring his hand.

Plaintiff and his said fellow workman testified that the knuckle which fell had a bolt in the "eye" thereof, which, it is claimed, prevented it from fitting far enough back into the rack to be securely placed therein, by reason whereof it was jarred loose and fell when plaintiff turned over the knuckle upon the platform near this rack.

The negligence charged in the petition is that the knuckle which fell was placed in the above-mentioned rack or stack at the direction of the foreman of defendant's "material department," with a bolt in the eye thereof, "which bolt prevented the knuckle from fitting properly in said stack, causing it to fall."

I.  The evidence adduced in plaintiff's behalf is quite meager. It consists of his testimony and that of the above-mentioned fellow workman who was the only other person present. There is no direct evidence as to who placed this knuckle in the rack from which it fell, but the testimony is that it was the duty of those in defendant's "material department" to stack these knuckles, this being a separate and distinct department from that in which plaintiff was working. Plaintiff testified that he had nothing to do with placing knuckles in the racks, and had never put any therein except such as he may have temporarily removed therefrom from time to time, in order to get a lower one, and which he would replace. His testimony is that he did not upon this occasion take any knuckles from this rack; and under the circumstances the presumption should doubtless be indulged that this particular knuckle was placed in the rack by defendant's servants in its material department whose duties were, among other things, to stack and take care of these knuckles. And though the proof does not show that this was done under the direction of the foreman of

the material department, as alleged, no point is made
of this, evidently for the reason that under the facts
of this case no defense could be interposed (and none
was) upon the ground that the negligence, if any, was
that of a fellow-servant.

Neither plaintiff nor the fellow workman with him
observed this knuckle before it fell, and there is noth-
ing to show what in fact was its position in the rack
before falling. The knuckle rack consisted merely of
slats upon an "A-shaped" frame (i. e., the cross sec-
tion being an inverted V), which was perhaps ten feet
long. The knuckles were stacked therein, one upon an-
other, by putting the narrower end or part of each
knuckle in the opening between two such slats, thus
making a number of tiers thereof upon the slanting
sides of the rack. It appears that what is termed the
"eye" of the knuckle is an opening through the cen-
tral portion thereof; and plaintiff's evidence is to
the effect that a bolt such as is said to have been al-
lowed to remain in the eye of this knuckle, and which
protruded therefrom, would have the effect of pre-
venting the knuckle from fitting far enough into the
rack to be secure. While the evidence in plaintiff's
behalf does not by any means make out a strong case
in his favor, it appears to be sufficient to take to the
jury the question of defendant's liability; bearing in
mind that, so far as concerns the ruling upon the
demurrer thereto, the evidence is to be viewed in the
light most favorable to plaintiff. Indulging the pre-
sumption, prima facie, that the knuckles in the rack
were stacked there by defendant's agents and servants
in its material department, whose duty it was so to
do, the testimony that the knuckle which fell had a
long bolt through the eye thereof, and the further
testimony to the effect that such a bolt in the eye of a
knuckle would have the effect of keeping the knuckle
from fitting sufficiently far into the rack to be securely
stacked therein, rendering it likely to fall, would seem

to be sufficient evidence from which the jury might lawfully find that plaintiff's injury was caused by a negligent act for which defendant may be held responsible.

It is urged by learned counsel for appellant that there was no causal connection established between the casualty and the negligence charged. But if plaintiff's evidence be true, it would appear that the injury may be found to have resulted proximately from the stacking of the knuckle with a bolt through it, which rendered it insecure. It is true that the falling thereof appears to have been immediately occasioned by a jar produced by the turning over, by plaintiff, of another knuckle near the rack; but it is to be gleaned from the evidence that under ordinary circumstances a knuckle at the top of one of the tiers in the rack would not in this manner be jarred off, and that one turning over a knuckle upon the platform near the rack would have no reason to suspect that a knuckle would thereby be caused to fall and injure him. We think that it cannot be said that there was no causal connection between the injury and the alleged negligent act of stacking the knuckle with a bolt through it. It is not contended here that plaintiff was guilty of contributory negligence as a matter of law, nor that the risk was one assumed by plaintiff, and under the theory of plaintiff's case he could not be denied a recovery on either of such grounds.

It is also urged that plaintiff pleaded a specific act of negligence, and that the burden of proving the same rested upon him. This is quite true; but there does appear to us to be evidence tending to establish the specific negligence charged, though it seems the instructions did not require the jury to so find—a matter which we shall discuss later.

It is further urged that it is not negligence to fail to take precautionary measures to prevent an injury which could not reasonably have been antici-

pated.  But under the facts and circumstances appearing in evidence it would seem that a reasonably prudent person would have anticipated that some injury was likely to result from insecurely stacking a knuckle, of the weight above mentioned, at the top of a rack four or five feet in height, about which employees of another department came from time to time to procure knuckles.  It is not necessary that the precise injury that was thereby occasioned could have been anticipated, but it is sufficient if it could have reasonably been anticipated that some injury was likely to result therefrom.

II.  But it is clear that the judgment must be reversed because of fatal error in plaintiff's first instruction.  This instruction tells the jury that "it was the duty of said defendant to stack, or cause to be stacked, said knuckles in a reasonably safe and secure manner;" and that if the jury find that while plaintiff was "attempting to get a drawhead knuckle out of said stack," one of the knuckles fell upon his right hand, injuring it, and that said knuckle fell "by reason of the careless and negligent manner in which said knuckles had been stacked by the servants of defendant," then to find a verdict for plaintiff.

It may be noted that the portion of the instruction quoted above, which tells the jury that it was defendant's duty "to stack or cause to be stacked said knuckles in a reasonably safe and secure manner," is faulty in that it places upon defendant the absolute duty to see that the knuckles were stacked in a reasonably safe manner, whereas defendant's duty was to exercise ordinary care to that end.  However, this is perhaps cured by an instruction given for defendant. [See Pendegrass v. Railroad, 179 Mo. App. 517, 162 S. W. 712.]  At any rate we need not dwell further thereupon.

But the latter part of the instruction, which is in no manner cured by other instructions, if it could be so cured, tells the jury that if they find that the knuckle fell on the plaintiff's hand, "by reason of the careless and negligent manner in which said knuckles had been stacked" by defendant's servants, then to find for plaintiff. This, in the first place, appears to assume that the knuckles were stacked in a negligent manner, and merely requires the jury to find that this particular one fell by reason of such negligent stacking thereof thus assumed as an established fact in the case. Not only is this true, but the instruction wholly fails to require the jury to find the specific negligence charged and upon which the plaintiff's case must rest, i. e., not only that this particular knuckle was stacked by defendant's servants in its material department with a bolt through the eye thereof, but that the presence of such bolt, if so found, prevented the knuckle from fitting securely into the rack, and that it was negligence to so stack said knuckle and that plaintiff's injury resulted therefrom. There can be no doubt that to establish plaintiff's case, the case, if any, made by his pleadings and evidence, it is necessary that the jury find as above indicated. This instruction is far broader than the pleadings and the evidence, permits a recovery upon any theory of negligence in stacking the knuckles, and wholly fails to require the jury to find the specific negligence averred. It was therefore clearly reversible error to give it. [See Beave v. Transit Co., 212 Mo. 331, 111 S. W. 52; Crone v. Oil Co., 176 Mo. App. l. c. 349, 158 S. W. 417, and further authorities there cited.] The jury should here be very clearly and explicitly told what must be found in order to fasten liability upon defendant, for plaintiff's case hangs upon quite a slender thread of proof, and rests much in inference.

III. It may be further noted that the petition avers that the plaintiff was injured while attempting to get a knuckle out of the rack, and also that plaintiff's first instruction required the jury to so find, while plaintiff's evidence is that he was not attempting to get a knuckle from the rack when injured but was examining one upon the platform near the rack. As the gravamen of the charge of negligence relates to the manner in which the knuckle in question was placed in the rack, the aforesaid averment in the petition is perhaps to be regarded as matter of inducement. However, the instruction, which follows the lines of the petition, is, in this respect, not supported by the evidence.

It is unnecessary to notice the point made that the verdict is excessive.

The judgment will be reversed and the cause remanded, with leave to plaintiff to amend his petition if so advised. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.