SOMMERS, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 15, 1904.**

1. PLEADING: General Charge of Negligence. In an action against a street railway company for injuries received by plaintiff from a collision with one of defendant's cars, where the petition makes a general charge of negligence in operating the car, it is sufficient if no proper exception is taken to it.

2. ———: ———: Timely Exception: Motion to Make Definite. But such a pleading should be held bad on a motion to make more definite.

3. ———: ———: ———: Waiver. The defect is waived by answering after motion to strike out is overruled but whether it is waived by answering after a motion to make definite is overruled is unsettled.

4. ———: ———: ———: Instruction on General Negligence. Where defendant answered after the overruling of its motion to make more definite, and on trial the court instructed the jury in general terms as uncertain as the allegations of the petition, authorizing a recovery without informing them what particular acts constituted negligence, it was error requiring a reversal.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

The court erred in overruling defendant's motion to require plaintiff to make his petition more definite and certain, and in not requiring the petition to be made definite and certain. Snyder v. Free, 114 Mo. 360, 21 S. W. 847; Young v. Schofield, 132 Mo. 650, 34 S. W. 497; Boles v. Bennington, 136 Mo. 529, 38 S. W. 306; Sidway v. Land Co., 163 Mo. 342, 63 S. W. 705; Allen v. Transit Co., 81 S. W. 1142; Clark v. Dillon, 97 N. Y. 370; R. S. 1899, secs. 592, 612.

*Seneca N. & S. C. Taylor* and *Bert F. Fenn* for respondent.

GOODE, J.—Respondent's person and property were injured by a collision with one of appellant's electric cars in St. Louis. This case is founded on that accident. According to the testimony of the respondent himself, he drove down the west side of Broadway until he came to its intersection with Wash street, where the route he intended to pursue turned abruptly to the east on Wash street. Parallel tracks ran along Broadway and the appellant stopped to the west of them, he said, until three cars passed, two going south on the west track and one north on the east track. When these cars had gone by and before starting his team across the tracks, he looked to assure himself whether he could cross in safety, and saw another car coming from the south, but a block away. Thinking he had time to get over the tracks before that car would reach him, he started across, driving at the rate of two and one-half miles an hour. The car struck the wagon behind the front wheels and the injuries complained of resulted. Respondent's wagon was loaded with potatoes and he excused the slow speed at which he drove as being re-

quired to keep the potatoes from jolting out of the wagon.

The important points in this case, in our estimation, are the indefiniteness of the petition in specifying the negligent acts of which the appellant is accused, and the like vagueness and generality of the instructions in advising the jury what negligent acts they must find the appellant guilty of in order to give a verdict against it.

The petition reads as follows:

"That on or about the twenty-seventh day of July, 1903, the plaintiff was seated in a wagon owned by himself, and driving a team of horses hitched thereto, owned by himself, upon said Wash street and across said Broadway and across the tracks of said defendant at the intersection of said streets, and while so driving across said tracks one of said defendant's motor cars, run and operated by defendant's motorman, and in his charge as agent and servant of defendant, was carelessly and negligently caused to run up to and against said wagon with great force and violence as plaintiff was crossing said tracks in said wagon."

Nothing specific was stated as to the alleged negligent manner in which appellant's motorman ran the car against the respondent's wagon. The petition counts generally on common law negligence. This kind of pleading is good if no proper exception is taken to it. Edens v. Railroad, 72 Mo. 212; Pope v. Railroad, 99 Mo. 400, 12 S. W. 891. But in the present case appellant took the right means to have the charge of negligence made clear and definite. Before answering and before trial it moved the court to have the charge of negligence relieved of generality by requiring the respondent to specify the acts or omissions of the appellant's employees which were complained of as negligent. This motion was overruled and an exception saved and duly preserved by bill. Afterwards the ap-

pellant answered and the trial proceeded to a verdict against it. There can be no doubt, we think, that the motion ought to have been sustained. The suing party in a negligence case may state a case of common law, as well as of statutory or ordinance, negligence; but whichever is stated the specific acts of negligence must be given if they are called for. Waldheir v. Railroad, 71 Mo. 514; Edens v. Railroad, supra. And so a general plea of contributory negligence in an answer should be corrected if a motion is filed for a more definite statement. Haines v. Railroad, 123 Mo. 326. The decisions in this State are extremely perplexing as to whether an error like the one under advisement is waived by answering. That is to say, whether a defendant, in order to be heard to complain on appeal of the overruling of a motion to make a petition definite, must stand on his motion. It is well settled that one can not attack a petition for uncertainty by an objection to the reception of evidence, and is settled, too, that answering to the merits, without first moving for a certain pleading, waives the defect. But the question is squarely raised here as to whether error can be assigned for the overruling of a timely motion of that sort if an answer is subsequently filed and the trial participated in by the moving party. That it is waived was directly decided in Sauter v. Leveridge, 103 Mo. 615, 15 S. W. 981; State ex rel. v. Bank, 160 Mo. 640, 61 S. W. 676; Mankameyer v. Egelhoff, 93 Mo. App. 183. The ruling seems to have been as directly the other way in Sidway v. Land Co., 163 Mo. 342, 63 S. W. 705, and in Watkins v. Donnelly, 88 Mo. 322. In the Sidway case the defendant moved for a more definite petition and the motion was sustained. Thereupon the plaintiff filed an amended petition which was deemed by the Supreme Court to be still open to the charge of uncertainty in the same respects as the first one. But the circuit court refused to strike it out for noncompliance with its order for a definite pleading and

the defendant answered. It was ruled that in this reversible error was committed. The books are full of dicta to the effect that uncertainty in a petition is waived unless moved against seasonably; which implies that if a seasonable motion is made a defendant has the right to see a certain petition before he answers; and this seems reasonable. A motion to make definite is different from a motion to strike out; which usually corresponds to a demurrer and is unquestionably waived by answering. The point in hand was decided by the Supreme Court of Indiana in Tipton Power Co. v. Newcomer, 156 Ind. 348, wherein it was held in a negligence case, the charge being general negligence, that not to order the petition made more definite on the defendant's motion, constituted reversible error. In that case there was an answer and a trial after the motion. It has been several times said by our Supreme Court that the duty rests on the trial court to see that a pleading is definite whether it is moved for or not; and intimations have been given that the court errs if it allows vague pleadings to pass. Young v. Schofield, 132 Mo. 650, 34 S. W. 497; Leete v. Bank, 141 Mo. 574, 42 S. W. 574. The existing uncertainty in the reported cases is as to whether the error is waived unless the complaining party stands on his complaint and refuses to proceed further in the cause. Whatever the law on this point may be, we think sound reason and justice demand that the judgment in the case at bar be reversed, in view of the fact that the instructions were as uncertain and indefinite in stating the negligence on the part of the appellant which would justify a verdict against it as the petition was in charging negligence. The evidence left room for only three grounds of recovery at most, to-wit; running the car at an excessive speed, failing to sound the bell as it approached the intersection of the streets and failure on the part of the motorman to use due efforts to stop the car after he discovered the respondent's danger.

The evidence possibly tended to prove each of those definite acts of negligence and thereby to support the respondent's cause of action; and he was entitled to have the jury directed to find regarding those acts and no other. This does not mean that particular facts in evidence should be selected for comment; but that a jury should be told what acts on the part of a defendant, if found to have been done, constitute negligence in the eye of the law. Duerst v. Railroad, 163 Mo. 607, 63 S. W. 827; Allen v. Transit Co., 81 S. W. 1142; Lesser v. Railroad, 85 Mo. App. 326. Instructions authorizing verdicts for any kind of negligence the juries might believe occurred were condemned in those cases. In the Allen case a general instruction was given, the petition, as in the present case, charging general negligence only. The Supreme Court remarked that whatever might be said concerning the sufficiency of the petition, the instruction should have defined the issues the jury were to try. The first instruction given for this respondent authorized a verdict for him if the carmen carelessly and negligently caused and permitted the car to run against the wagon; while the fourth instruction said:

"The court instructs the jury that it was the duty of the motorman of defendant, in the management of its motor car under his charge, to exercise ordinary care and precaution to prevent an injury to persons crossing the tracks of defendant; and any failure on the part of such motorman to exercise such care and precaution would be such negligence as to make defendant liable for any injury to plaintiff directly resulting from such negligence, unless the jury further believe from the evidence that the plaintiff was guilty of negligence on the occasion in question, directly contributing to the injury sustained by him," etc.

It thus appears that the appellant was not only denied its right to have a specific charge of negligence preferred against it in the petition, so that it might

answer the charge and intelligently prepare to disprove it, but was denied, too, the right to have the jury restricted to the particular acts of negligence of which there was some proof, as grounds for a verdict for the respondent. The jury were authorized to return a verdict against the Transit Company for any act or omission on the part of the motorman in managing the car which they might deem careless. The error of the court below was leaving the jury to conjecture, instead of informing them, what acts of management, if found, would suffice to prove the motorman was negligent. In our judgment the instructions were too broad and indefinite, and the assignment of error on this account was not waived, even if the one relating to the overruling of the motion for a more definite petition was.

The judgment is reversed and the cause remanded. All concur.