## WILMA K. CRONE, Respondent, v. ST. LOUIS OIL COMPANY, Appellant.

### St. Louis Court of Appeals, July 5, 1913.

1. **NEGLIGENCE: Leaving Team Unguarded in Street: Pleading: Specific Negligence.** In an action for personal injuries resulting from a collision between a buggy in which plaintiff was sitting and defendant's runaway team, where the petition alleged that the collision occurred by reason of defendant's negligence in leaving its team standing at a street corner, without being fastened or guarded to prevent their running away, it devolved upon plaintiff to prove the specific acts of negligence alleged, under the rule that, where specific acts of negligence are charged, plaintiff can recover only upon proof of such specific negligence.

2. ——: ——: **Sufficiency of Evidence.** In an action for personal injuries resulting from a collision between a buggy in which plaintiff was sitting and defendant's runaway team, evidence *held* to authorize submission to the jury of the question whether defendant's horses had been permitted to remain unguarded and untied in the street, in violation of a city ordinance.

3. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In determining whether or not a verdict should be directed for defendant, the court should indulge every reasonable inference in favor of plaintiff that may fairly be drawn from the testimony.

4. **NEGLIGENCE: Leaving Team Unguarded in Street: Pleading: Specific Negligence: Instructions.** In an action for personal injuries resulting from a collision between a buggy in which plaintiff was sitting and defendant's runaway team, the petition pleaded specific acts of negligence, in that the team had been left untied and unguarded in a public street, in violation of a municipal ordinance. Plaintiff requested the

court to instruct the jury, that if defendant's wagon collided with plaintiff's buggy while standing in the street and threw plaintiff to the ground, and that, at the time of the collision, the horses attached to the wagon were running away, and, prior to that time, had been left standing at or near a street corner by defendant or its servant, *without being fastened or guarded to prevent their running away*, then plaintiff was entitled to recover. The court gave the instruction after striking out the phrase italicized. *Held*, that the instruction, as modified by the court, was erroneous, since its effect was to authorize a recovery by plaintiff without requiring a finding that defendant was guilty of the specific negligence charged.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*Kortjohn & Kortjohn* for appellant.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

ALLEN, J.—This is an action for injuries sustained by plaintiff by being thrown out of a buggy, by reason of the latter being struck by a tank wagon belonging to the defendant while the horses drawing the same were running away on the public streets of the city of St. Louis. Plaintiff recovered and the defendant prosecutes the appeal.

The petition avers in substance that defendant, a corporation, was engaged in the business of selling and delivering oil in the city of St. Louis; that upon the occasion in question, plaintiff was seated in a buggy which was standing on the west side of Broadway, a public street in said city, at a point about one hundred feet north of Angelica street, another public street in said city; that while plaintiff was so seated in the buggy, a large tank wagon of defendant drawn by two horses, and without any driver in charge thereof, came south upon Broadway at a rapid rate of speed and

collided with the buggy in which plaintiff was seated, breaking the same and throwing plaintiff violently to the ground, whereby she was injured.

The petition further avers that, prior to the time of said collision, the horses drawing defendant's said wagon were driven by an agent and servant of defendant to the southeast corner of Eleventh and Penrose streets, public streets in the city of St. Louis, and that said agent and servant of defendant in charge thereof "carelessly and negligently allowed said horses to stand at said corner without being fastened and guarded so as to prevent the same from running away, and that, while said horses were standing unfastened and unguarded, either because said horses became frightened, or on account of the fact that said Penrose street at the point at which said horses were standing is steep and not level, by reason of which said wagon started to run down said Penrose street eastwardly toward said Broadway, said horses ran away while the same were not in charge or under the control of an agent or servant of the defendant, and while so running away collided with said buggy as aforesaid."

The petition then alleges that there was in force at said time in the city of St. Louis an ordinance of said city, which provided in part that any person who shall, in said city, leave any animal standing in any public place without being fastened or so guarded as to prevent its running away shall be deemed guilty of a misdemeanor. And it was averred that by reason of the negligence of defendant's agent and servant "in permitting said horses to stand in said street unfastened and unattended and the failure of the agent and servant of defendant to observe the provisions of said ordinance said horses were caused to run away and collide with the buggy," occasioning plaintiff's injuries.

The answer was a general denial.

The cause was tried before the court and a jury, resulting in a verdict for plaintiff for $500, and judgment was entered accordingly.

Plaintiff's evidence shows that the buggy in which she was seated, at the place mentioned in plaintiff's petition, was struck by a tank wagon belonging to defendant, whereby plaintiff was precipitated to the street. Further testimony on behalf of plaintiff showed that, shortly prior thereto, defendant's wagon stopped at a grocery store at the corner of Eleventh and Penrose streets; that the driver thereof went into the grocery store, and then he and the owner of the store went to an oil tank on Eleventh street, some fifty feet south of the entrance to the grocery store. The owner of the latter, one Shroeder, testified that the wagon was at the time standing close to the curb on Penrose street, the horses facing east towards Broadway. The witness saw no one with the horses, but did not know whether they were tied or in any way fastened, or not. The witness and the driver were at the oil tank about five minutes, and when they returned the wagon was gone. This was the only witness who saw the team prior to the time they were running away.

There was evidence that the horses attached to the wagon ran east on Penrose street from Eleventh street to Broadway, a distance of about three hundred feet, down a heavy grade, turning south on Broadway and continuing until the collision with the buggy in which plaintiff was seated. It seems that after the collision the horses stopped and stood perfectly quiet, and one witness who saw them at this time stated that there was "nothing tied to the horses."

The ordinance in question was admitted in evidence, over objections of defendant which need not be noticed.

Defendant introduced no evidence, but at the close of plaintiff's case prayed the court to give an in-

struction in the nature of a demurrer to the evidence, which was refused.

Plaintiff requested the court to give an instruction to the effect that if the jury found from the evidence that plaintiff was seated in the buggy at the time and place mentioned in the evidence, and that at said time defendant's tank wagon collided therewith and threw plaintiff to the ground, and that at the time of the collision the horses attached to the tank wagon were running away, and that said horses prior to the time that they ran away were left standing on Penrose street at or near Eleventh street by defendant or its servant, *"without being fastened or guarded to prevent their running away,"* then plaintiff is entitled to recover. The court refused to give this instruction as offered, but modified it by striking out the words which we have italicized above, and gave the instruction with nothing therein requiring the jury to find that the horses were not fastened or guarded to prevent their running away.

The only other instruction for plaintiff was one on the measure of damages, and this and the instructions given for defendant need not be noticed.

It will be readily seen that plaintiff's cause of action, as alleged in her petition and attempted to be proved, is bottomed upon the alleged fact which it is said constituted a violation of the ordinance. It proceeds upon the theory that defendant, through its agent and servant, was guilty of a breach of this ordinance in leaving the horses standing at Eleventh and Penrose streets without being fastened or guarded to prevent their running away; and plaintiff specifically pleads this fact as constituting the negligence of the agent and servant of defendant. And it is averred "that by reason of the negligence and carelessness of the agent and servant of defendant in permitting said horses to stand in said street unfastened and unattended, and the failure of the agent and servant of de-

fendant to observe the provisions of said ordinance of said city, said horses were caused to run away and collide with the buggy,'' etc. It is clear; therefore, that plaintiff must recover, if at all, upon the specific negligence alleged, and which plaintiff avers caused her injuries. We repeat what we said in Israel v. United Railways Co., 172 Mo. App. 656, decided at this term:

''It is a well settled doctrine that where specific acts of negligence are alleged in a petition, plaintiff can recover only upon proof of the specific negligence charged. [McGrath v. Transit Co., 197 Mo. 97, 94 S. W. 872; Roscoe v. Metropolitan Street Railway Co., 202 Mo. 576, 101 S. W. 32; Orcutt v. Century Building Co., 201 Mo. 424, 99 S. W. 1062; Evans v. Railroad, 222 Mo. 435, 121 S. W. 36; Gibler v. Railroad, 148 Mo. App. 475, 128 S. W. 791; Beave v. Transit Co., 212 Mo. 331, 111 S. W. 52.]''

We have entertained much doubt as to whether there was any substantial evidence to sustain the specific negligence charged in the petition. There is sufficient proof, in the way of negative testimony, that the horses were allowed to remain in the street unguarded, for the witness Shroeder, near whose store the team was left standing, testified that he saw no one with them when the defendant's driver went with the witness to the oil tank, some fifty feet away from the grocery store. This witness could not say whether or not the horses were fastened. They were left standing in the street however, and when the witness and defendant's driver returned about five minutes later, the horses and wagon were gone. And as we have said above, one other witness, who saw the horses after the accident, said that there was nothing tied to them. The latter testimony has but little probative force, for it is quite possible that a horse that is fastened may break away without any portion of the halter or other fastening remaining upon him. Upon the whole, the evidence that the horses were fastened is very meager

and the sufficiency thereof to take the case to the jury may be questioned.

We are referred, by learned counsel for respondent, to cases holding that the fact that a team of runaway horses are found dashing along a public highway, without the attendance of the owner, or his servant, raises a presumption of negligence with respect to their management and care, calling for explanation on the part of the owner. Here, however, we are not called upon to express an opinion as to the correctness of such holding. We observe that there are cases *contra,* but we have no occasion to examine this question. This for the reason that no such presumption as suggested is here available to plaintiff. Having specifically alleged the precise negligence which plaintiff says caused her injuries, there is no room for a presumption of negligence arising out of the mere fact that the horses were running away on a public street, even if such presumption might arise in the proper case; a matter concerning which we express no opinion.

However, with respect to the proof of the specific negligence alleged, after a careful consideration of the testimony adduced by plaintiff, we are of the opinion that plaintiff's evidence should be held sufficient to take the case to the jury; viewing the evidence, as we should, in the light most favorable to plaintiff, and giving her the benefit of every reasonable inference that may be drawn therefrom. It devolved upon plaintiff to make a prima-facie showing that the horses were both unfastened and unguarded. There was proof of the latter, negative in its character, but still sufficient, so far as concerns a ruling upon the demurrer to the evidence. As to the horses being unfastened, there was no direct proof, but the testimony to which we have referred above, touching this question, may be regarded as sufficient from which the jury may reasonably infer that the horses were left unfastened as well

Crone v. Oil Co.

as unguarded. Such inference may be fairly deduced therefrom, and bearing in mind that, for the purposes of the demurrer, the plaintiff is entitled to every reasonable inference that may fairly be drawn from the testimony of her witnesses, we conclude that the case made was one for the jury.

This brings us to the consideration of the instruction given for plaintiff, the substance of which we have set out above. That error inheres in this instruction we think cannot be doubted. As offered by plaintiff, the instruction required the jury to find that the defendant's horses were left standing in the street, *"without being fastened or guarded to prevent their running away."* The learned trial judge struck out from the instruction the words italicized above, presumably for the reason that he was of the opinion that there was no evidence to justify such a finding on the part of the jury. It is of course clear that if there was no evidence to justify that portion of the instruction, then the demurrer to the evidence should have been sustained, for, as we have said above, under the allegations of plaintiff's petition, it devolved upon her to prove both that the horses were unfastened and that they were unguarded, and no recovery could be had in the absence of proof of these allegations in her petition. It was therefore error to give this instruction after striking out from it that portion which we have above italicized. The instruction purported to cover the entire case and authorized a verdict for plaintiff without requiring the jury to find that defendant was guilty of the negligence charged.

Other questions raised need not be noticed. For the error above noted in plaintiff's instruction, the judgment must be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.