JOSEPH DALTON et al., Respondents, v. ST. LOUIS SMELTING & REFINING COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 6, 1915. Opinion Filed March 2, 1915.

1. **DEATH BY WRONGFUL ACT: Death of Minor Child: Recovery by Parent: Nature of Right.** A parent may recover, under Secs. 5426 and 5427, R. S. 1909, for the wrongful death of his minor child, without proof that such child was his servant, since the recovery is on the right which the child would have had if it had survived the injury, and is not dependent on loss of services.

2. ————: ————: ————: **Proof of Damages.** A parent may recover, under Secs. 5426 and 5427, R. S. 1909, for the wrongful death of his minor child, without proving the amount of pecuniary loss he has sustained; it being proper for the jury, in awarding damages, to exercise their judgment upon the facts in proof, by connecting them with their own knowledge and experience.

3. ————: **Damages: Instructions.** In an action for death by wrongful act, under Secs. 5426 and 5427, R. S. 1909, providing that "the jury may give such damages, not exceeding ten thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the sur-

188MA34

viving parties who may be entitled to sue, and also having regard to the mitigating and aggravating circumstances attending such wrongful act, neglect or default," *held* that an instruction given on behalf of defendant that, in estimating the damages, the jury should take into consideration only what plaintiffs have lost and what they will lose from decedent's services and the earnings of his labor until he would have attained his majority, less the cost of the reasonable care and maintenance of decedent and medical attendance for him during such period, was erroneous, for the reason that there was no evidence as to any expenditure for, or the cost of, care and maintenance of decedent or of any expenditure for medical attendance for him, and for the further reason that it left out of consideration the provisions of the statute that, in determining the amount of damages, the jury may regard mitigating or aggravating circumstances attending the neglect or default of defendant.

4. INSTRUCTIONS: Necessity of being Predicated on Evidence. An instruction which submits an issue not warranted by the evidence is erroneous.

5. DEATH BY WRONGFUL ACT: Damages: Instructions. In an action for wrongful death, under Secs. 5426 and 5427, R. S. 1909, an instruction charging the jury that if they found certain facts, they should return a verdict for plaintiff in such sum as they might deem fair and just, with reference to the necessary injury resulting to plaintiff from the death, and also having regard to the mitigating or aggravating circumstances attending such neglect or default, not exceeding, however, $10,000, was correct in its general scope, and defendant was in no position to complain of its generality, in the absence of a request for a limiting instruction.

6. INSTRUCTIONS: Necessity of Asking Limiting Instruction. An instruction which is correct in its general scope is not to be condemned on the ground of generality, in the absence of a request for a limiting instruction by the adverse party.

7. APPELLATE PRACTICE: Conflicting Instructions: Harmless Error. A party will not be heard to complain, on appeal, that the instructions are erroneous because those given at his request are in conflict with those given for his adversary, where his instructions are incorrect and his adversary's are correct, since the error was self-invited.

8. MASTER AND SERVANT: Death of Brakeman on Private Railroad: Sufficiency of Evidence. In an action for the death of plaintiff's minor son, who was working as a brakeman on defendant's railroad used in connection with its smelting plant, by being thrown off of a car while attempting to set a hand-brake, caused by the brake revolving as a result

of the engineer applying the air-brake at the same time, evidence *held* sufficient to warrant a finding that defendant was negligent in equipping its cars with hand-brakes that revolved when the air-brake was applied by the engineer.

9. ——————: ——————: ——————: **Evidence.** In an action for the death of plaintiff's minor son, who was working as a brakeman on defendant's railroad used in connection with its smelting plant, by being thrown off of a car while attempting to set a hand-brake, caused by the brake revolving as a result of the engineer applying the air-brake at the same time, evidence that the hand-brake on cars used by other railroads did not revolve when the air-brake was applied by the engineer was admissible, on the question of whether defendant was negligent, although the other railroads testified about were common carriers and defendant was not.

10. ——————: ——————: **Instructions: Failure to Submit Specific Negligence.** In an action for the death of plaintiff's minor son, who was working as a brakeman on defendant's railroad used in connection with its smelting plant, where the petition charged that defendant was negligent in requiring decedent to work on cars equipped with defective brakes, an instruction that it was the duty of defendant to use ordinary care to keep and equip its locomotives and cars with reasonably safe appliances and if it failed to use ordinary care to discharge its duty in this matter and decedent met his death by reason of such failure, the verdict should be for plaintiff, was erroneous, in that it failed to require the jury to find the specific negligence charged.

11. **NEGLIGENCE: Instructions: Necessity of Submitting Specific Negligence.** In an action for personal injuries, where the petition contains specific assignments of negligence, an instruction which permits a recovery without requiring the jury to find such specific negligence is erroneous.

Appeal from St. Francois Circuit Court.—*Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED.

*Benj. H. Marbury* for appellant.

(1) The first count of respondents' second amended petition wholly fails to state a cause of action against appellant; said count wholly fails to allege that the relation of master and servant existed be-

tween appellant and respondents—parents of Jerry Dalton. The right of parents—respondents—to the earnings of their minor son—Jerry Dalton—during his minority, originated, not by virtue of the relationship of parents and child, but from the relationship of master and servant; and it was essential to aver in the first count of the second amended petition that the minor child—Jerry Dalton—was a servant of respondents and that they were thereby deprived of his earnings. Scamell v. Transit Co., 103 Mo. App. 510; Dunn v. Railroad, 21 Mo. App. 202; Mathews v. Railroad, 26 Mo. App. 75; Schmitz v. Railroad, 46 Mo. App. 380. (2) The first count of said petition wholly fails to allege that respondents had been deprived of the services of their minor son or would be in the future deprived of his services; and for this reason, the said petition wholly failed to state a cause of action. Dunn v. Railroad, 21 Mo. App. 203; Paquin v. Railroad, 90 Mo. App. 128; Scamell v. Transit Co., 103 Mo. App. 504. (3) Respondents wholly failed to introduce any evidence that tended to show any value of services to them by reason of the death of their minor child from the date of his injury to his majority, which was exactly twenty months. Dunn v. Railroad, 21 Mo. App. 188; Hickman v. Railroad, 22 Mo. App. 344; Rains v. Railroad, 71 Mo. 164; Morgan v. Railroad, 17 L. R. A. p. 80. (4) Instruction number 2 for respondents is grossly erroneous and is in direct opposition to every adjudicated case in Missouri: "You are instructed that if you find from the evidence that the death of Jerry Dalton was caused by the negligence or default of defendant Company in using on the train on which he was working in the line of his duty as brakeman, air brakes which were so constructed that the same were not reasonably safe; then your verdict must be for the plaintiffs in such sum as you may deem fair and just with reference to the necessary injury resulting to plaintiffs from said death, and also having

regard to the mitigating or aggravating circumstances attending such neglect or default, not exceeding, however, ten thousand dollars." Parsons v. Railroad, 94 Mo. 294; Rains v. Railroad, 71 Mo. 164; Brunke v. Telephone Co., 112 Mo. App. 623; Howard v. Scarritt Est., 161 Mo. App. 562; Behen v. Transit Co., 186 Mo. 430. (5) The fact that appellant's instruction number G correctly declared the law, does not cure this gross error. Perry v. Railroad, 89 Mo. App. 5; Cole v. Crump, 174 Mo. App. 215; Cole v. Marler, 174 Mo. App. 223; Smith v. Railroad, 126 Mo. App. 123; Walleck v. Transit Co., 123 Mo. App. 167. (6) The petition of respondents attempts to charge negligence on the part of appellant in furnishing their minor son with brakes that were in construction and arrangement unusual and extremely unsafe; and that appellant's engineer applied the air from the engine caused the brake which deceased son was attempting by hand to set to throw him from the moving car and kill him; but, no causal connection was shown by the evidence between the application of the air claimed by respondents to . have been applied by the engineer, and the injury sustained. The causal link in the chain, so necessary to respondents' recovery, is missing. Killian v. Railroad, 86 Mo. App. 473; Lore v. Company, 160 Mo. 626; Bassett v. St. Joe, 53 Mo. 290; Hicks v. Railroad, 46 Mo. App. 304; Stanley v. Railroad, 114 Mo. 606. (7) It is the universal rule of negligence that it is necessary for the plaintiff to allege and prove a causal connection between the injury and the negligence of the master, and the corollary of this rule is that if the accident might have happened from more than one cause, for one of which the master is liable and from the other he is not liable, it is necessary for the plaintiff to prove, in the first instance that the injury arose from the cause for which the master is liable, for it is not the province of the court or jury to speculate or

guess from which cause the accident happened. The respondents did not comply with this rule; the court and jury were left to speculation and guess. Peperkorn v. Company, 171 Mo. App. 728; Rogers v. Company, 167 Mo. App. 56; Goransson v. Company, 186 Mo. 307; Epperson v. Company, 155 Mo. 346; Trigg v. Company, 187 Mo. 227; Morgan v. Company, 136 Mo. App. 241; Byerly v. Company, 130 Mo. App. 593; Fowler v. Company, 143 Mo. App. 422; Wood, on Master and Servant, sec. 382; Rodgers v. Company, 166 S. W. 880. (8) Instruction number 1, given on behalf of respondents, authorized a recovery under both sections of the Damage Act and further authorized a recovery beyond that stated in the first count of respondents' second amended petition. Sec. 5425, R. S. 1909; Laws of Missouri, 1911, pages 203 to 205; Secs. 5426 and 5427, R. S. 1909; Peters v. Railroad, 150 Mo. App. 738; Casey v. Transit Company, 205 Mo. 721; Higgins v. Railroad, 197 Mo. 312; Peters v. Railroad, 150 Mo. App. 728-734; Pratt v. Railroad, 139 Mo. App. 502; King v. Railroad, 130 Mo. App. 368; Casey v. Transit Company, 116 Mo. App. 235; McHugh v. Company, 190 Mo. 94; Strottman v. Railroad, 211 Mo. 227; Shohoney v. Railroad, 231 Mo. 142. (9) Respondents' first count of their second amended petition joins alleged acts of negligence on the part of appellant's servant (engineer) in the management and operation of its cars, or train of cars, and the alleged negligence on the part of appellant in furnishing defective and dangerous brakes on its cars; thereby attempting to state a cause of action in one count under both section 5425 as amended by laws of Missouri, 1911, pages 203 to 205, and sections 5426 and 5427, of the Damage Act. If the appellant was liable under one of the above sections, it necessarily follows that it is not liable under the other. Crohn v. Telephone Company, 131 Mo. App. 319; Jordan v. Transit Co., 202 Mo. 418.

*G. O. Nations* for respondents.

(1) Appellant's first, second and third assignments of error in its points and authorities arise out of one and the same fundamental misunderstanding of the law on the part of appellant, who contends that the petition is fatally defective in failing to allege the relation of master and servant between respondents and their deceased minor son, and that the evidence is equally deficient in failing to prove such relation. But the right of respondents to recover in the case at bar is not dependent on the relation of master and servant, but on that of parent and child. Bellamy v. Whitsel, 123 Mo. App. 610; Hennessy v. Bavarian Brewing Co., 145 Mo. 104; Proctor v. Railroad, 64 Mo. 112; White v. Maxey, 64 Mo. 112; White v. Maxey, 64 Mo. 552; Gray v. McDonald, 104 Mo. 311; Miller v. Railroad, 109 Mo. 350. (2) In its third assignment of error, appellant also complains that respondents did not show what wages deceased was earning at the time of his death and what his services would be worth to respondents from that time till he should attain his majority. But respondents were not required to show these matters, much of which must be left to the "good sense, observation in life, and experience of the jury, guided by the facts and circumstances." Brunke v. Telephone Co., 112 Mo. App. 623; Rosenkranz v. Railroad, 108 Mo. 9; Grogan v. Foundry, 87 Mo. 326; Voelker v. Construction Co., 153 Mo. App. 1; Haines v. Pearson, 107 Mo. App. 481, 485; Stoher v. Railroad, 91 Mo. 509, 518; Sipple v. Gas Light Co., 125 Mo. App. 95. (3) Appellant directs severe criticism against instruction number 2 given by the court for respondents on the measure of damages. But that part of this instruction which relates to the measure of damages is verbatim in the language of the statute and, with the possible exception of the reference to mitigating or aggravating circumstances, has the approval of the

courts in actions for negligence causing death. Sec. 5427, R. S. 1909; Ogan v. Railroad, 142 Mo. App. 248; Browning v. Railroad, 124 Mo. App. 55; Barth v. Railroad, 142 Mo. 533; Geisman v. Electric Co., 173 Mo. 654. Even though the reference to mitigating or aggravating circumstances were erroneous and should have been omitted from the instruction, a correct judgment would not be disturbed because of error in an instruction, especially on the measure of damages. The deceased was regularly employed as a railway brakeman and was giving all his wages to his parents. At the time of his death he was twenty months under age, and the jury gave a verdict for $75 per month, which was a fair and moderate compensation to his parents for the loss of his wages and was manifestly so intended by the jury. Consequently, the error, if any there were, in the instruction did not affect the verdict, as it contained compensatory damages only. McKinstry v. St. Louis Tr. Co., 108 Mo. App. 12; Cowherd v. Railroad, 151 Mo. App. 1; Boettger v. S. & K. A. I. Co., 124 Mo. 87; Dean v. Railroad, 199 Mo. 386; Aurora v. Insurance Co., 165 S. W. 361-2; 4 Current Law, p. 155; Sonnen v. Transit Co., 102 Mo. 271. Instructions are to be read and considered as a whole, and instruction number G. given on behalf of appellant is the only one that attempts to set out the measure of damages with any degree of fullness. If respondents are entitled to exemplary damages, then instruction number G is erroneous; but if the facts do not warrant exemplary damages, then instruction number G. cures any error that may lurk in instruction number 2, and the two correctly declare the law touching the measure of damages. In either alternative, appellant has suffered no wrong and cannot be heard to complain. Boettger v. S. & K. A. I. Co., 124 Mo. 87; Owen v. Brockschmidt, 54 Mo. 285; Nagel v. Railroad, 75 Mo. 655; Smith v. Railroad, 92 Mo. 375; 4 Current Law, p. 155; Heagy v. I. L. Co., 101 Mo. App. 361. (4) Appellant

further complains that instruction number 1 is broader than the allegations of the petition and authorizes a recovery on grounds of negligence not pleaded. But appellant itself introduced testimony covering the matters in the instruction of which appellant now complains. Much of this testimony was introduced over the objection of respondents, and appellant thereby invited the instruction and estopped itself from objecting thereto. Mellor v. Railroad, 105 Mo. 455; Litton v. Railroad, 111 Mo. App. 140; McGinnis v. Printing Co., 122 Mo. App. 227; 38 Cyc. 1615-1617. (5) In its ninth point and elsewhere in its brief appellant complains that the first count of the petition joins alleged acts of negligence under different sections of the damage act. But if the petition contained any such formal defect, appellant waived it by answering to the merits and going to trial. Jordan v. Railroad, 202 Mo. 418; White v. Railroad, 202 Mo. 562; Haley v. Railroad, 197 Mo. 23; 5 Ency. Pl. and Pr. p. 336.

REYNOLDS, P. J.—Plaintiffs, husband and wife, father and mother of Joseph J. Dalton, referred to in the record as Jerry Dalton, brought their action against defendant to recover damages for the death of that son, a minor.

The defendant is a company organized and incorporated under what is now article 7, chapter 33, Revised Statutes 1909, to carry on the business of mining, smelting and refining ores and mineral substances, to purchase, transport and work such ores, and generally to establish and carry on whatever other business may be convenient, proper or necessary to be done incidental to and in connection with the successful operation of the aforementioned business.

In the first count of the petition upon which the case went to trial, it is averred that the defendant corporation is located in St. Francois county and there operates a railroad in connection with its mines, mills

and smelter. It is averred that at the time of the death
of plaintiffs' son, which occurred on the 6th day of
September, 1911, he was nineteen years and four
months old, unmarried, leaving no lineal descendants
surviving him, and that he was killed as the result of
a fall from an ore car, part of a train on which he
was at the time acting as brakeman. It is further
averred that the brakes on the cars composing the
train were so constructed and arranged that the appli-
cation of air to the brakes by the engineer in charge
of the train, at a time when the brakeman was endeav-
oring to turn them by hand would inevitably cause the
brake wheel to turn and rotate with great speed and
force in the direction opposite to that in which the
brakeman was so required to turn the wheel in order
to apply the brakes by hand; that this arrangement
of the brakes was unusual and extremely unsafe "be-
cause of the danger that said reversal of the brake
wheel would throw the brakeman from his post of duty
on the cars and cause him to fall beneath the train
and be crushed by the cars;" that the train on which
decedent was then working had just reached the summit
of a hill or elevation on the railroad near defendant's
hospital and was starting down grade; that decedent,
in the line of his duty, endeavored to apply the brake
on one of the cars of the train in order to regulate
and control its speed in going down that grade, and
while so engaged the engineer had applied the air to
them, which caused the brake wheel to turn with such
sudden force and violence in the direction opposite to
that in which decedent was then endeavoring, in the
line of his duty, to turn it, that decedent was thrown
from his post of duty, fell under the train and was
crushed to death. Charging that it was gross negli-
gence on the part of defendant to operate the train
with the brakes arranged in the unsafe manner above
set out and to cause the decedent to work thereon as
a brakeman, and that defendant knew or by ordinary

diligence could have known the unsafe condition of the brakes, it is averred that the death of the decedent was due to the negligence above stated, plaintiffs averring they are thereby damaged in the sum of $10,000, for which they demand judgment.

There was a second count in the petition charging negligence on the part of the engineer in applying the air to the brakes and so reversing the brake wheel without warning to the decedent at the time when he was required to apply the brakes.

At the conclusion of the evidence for plaintiffs, the court having sustained a motion of defendant requiring plaintiffs to election between the two counts, they elected to stand on the first and dismissed as to the second count.

Answering the first count, defendant admits that it is a corporation duly incorporated under and by virtue of the laws of the State above referred to, but denies each and every allegation in that count of the petition.

Further answering this count and admitting that it owned and operated a lead mine and concentrating plant or mill near the town of Flat River in St. Francois county, and that in connection therewith and as an incident thereto it owned and maintained railroad tracks or switches laid upon its own premises, and that it operated thereon switching engines propelled by steam and also by electricity for the purpose of switching and moving cars to and from its concentrating plant or mill to other points on its property, defendant denies that it was a common carrier for hire of passengers or of property.

Averring that its corporate charter does not authorize and empower it to construct, maintain or operate a railroad and that it was not, on the day young Dalton was injured and died, or on any other day, maintaining or operating a railroad, but on the con-

trary was only operating its lead mines, it asks judgment as to the first count of this petition.

For other defenses it pleaded assumption of risk and contributory negligence on the part of the decedent.

The new matter in the answer was met by a general denial.

There was a verdict in favor of plaintiffs in the sum of $1500, judgment following. Interposing a motion for new trial as well as one in arrest, and excepting to the action of the court in overruling these motions, defendant has duly perfected its appeal to this court.

Here defendant assigns sixteen errors. It is only necessary to notice a few of them.

The first, second, third, sixth and ninth rest upon the proposition that this first count of the petition wholly fails to state a cause of action against appellant, the point of this being that it wholly fails to allege that the relation of master and servant existed between the respondent parents and their minor son, and as correlative to this, that an instruction given on behalf of respondents as to the measure of damages failed to limit those damages to compensation to respondents, as plaintiffs, to the value of their deceased minor child to them during the period of his minority, but rather permitted and directed the jury to base their estimate upon all the probable and possible benefits that respondents might derive from the life of the child during the whole course of its probable existence, thus measuring respondents' damages by a standard not contemplated by the law.

The fourth and fifth errors assigned are levelled against the amount of the verdict, it being claimed that the instruction given on behalf of respondents as to the measure of damages was gross error, notwithstanding an instruction given on behalf of appellant correctly declared the law with respect to that matter,

and that the verdict of the jury in awarding respondents $1500 as damages for the death of their minor son, who was just twenty months under twenty-one years of age, if warranted at all, is grossly excessive.

The seventh and eighth assignments are to failure of the court to sustain demurrers at the close of the testimony for respondents and at the close of all the testimony in the case.

The tenth is to error in giving the first instruction asked by respondents.

The eleventh is to alleged error in admitting evidence tending to prove that appellant owned and was operating a railroad, and in admitting evidence as to the methods of operating trains on other railroads.

Turning to the first group of alleged errors, which all tend to the same proposition, that the petition in failing to allege that the relation of master and servant existed between the decedent and respondents, was for that reason fatally defective, it is argued that the right of the parents to the earnings of their minor son during his minority, originated, not by virtue of the relationship of parent and child, but on that of master and servant, it being argued that it was essential to aver in the first count of this petition that the minor child was a servant of respondents and that they were thereby deprived of his earnings.

In line with this, defendant challenged the petition and evidence and asked an instruction, which was refused, to the effect that unless the jury found that the relation of master and servant existed between plaintiffs and their minor son and that plaintiffs demanded and received the wages of their son from defendant on and prior to the date of his death, the verdict must be for defendant.

It is true that it was held in some cases, and as late as that of Hennesey v. Bavarian Brewing Co., 63 Mo. App. 111, l. c. 116, decided June 3, 1895, which followed St. Ferdinand Loretto Academy v. Bobb, 52

Mo. 357; and other earlier cases, that it is "manifestly necessary, when the action is by the father or the mother, for an injury to his or her minor child, in order to recover for loss of the services of the child, to allege and prove that the child was his or her servant, at the time of the injury." This on the common-law rule that an action for damages for a death does not survive, and that the gravamen of the action is the loss of services, as incidental to which the parent may recover the expense of nursing and healing the child. But most modern American decisions have long ago repudiated this doctrine. [See 13 Cyc., par. 9, p. 146.] So has our own Supreme Court in overruling the decision of the Kansas City Court of Appeals in the Hennesey case, supra.

In Hennesey v. Bavarian Brewing Co., 145 Mo. 104, 46 S. W. 966, our Supreme Court held that the error underlying these decisions arises 'from confusing the common-law obligation of the parent, natural, or standing in *loco parentis* to the child, to support it during minority, carrying with the obligation the correlative right to the earning of the child, with the right conferred by statute, upon the father and mother or the survivor of them, to maintain an action against a third party for the wrongful killing of their child. In a case under the statute by the parent to recover damages for a tort, that is the killing of a minor child, Judge MARSHALL, in this last Hennesey case, supra, decided June 22, 1898, says (l. c. 112): "The father and mother do not recover the value of services rendered by their child, as the father or stepfather does, as a corollary to the obligation to support in cases arising *ex contractu* or in assumpsit, but they recover, in tort, on the right which the child would have had if he had survived the injury, and which right died with the injured party at common law, but has been by our statute expressly *transmitted* to them, *eo nomine.* No

new right of action is given by our statute. It is solely a preserved, transmitted right."

Such has been the rule in our State ever since this last decision. Hence all of these five assignments are untenable and the trial court committed no error in its ruling as to the propositions covered by them.

This covers the first, second, third, sixth and ninth assignments of error.

The fourth and fifth assignments are untenable. It has been held in many cases that when the action is by the parents for the death of a minor child, it was unnecessary to aver or prove the amount of wages— in many cases that being impossible because the child was of such tender years that it was not earning wages, and that in actions under sections 5426 and 5427, Revised Statutes 1909, by the parents, the jury must make their estimate of damages from the facts proved, and that it was not necessary that any witness should have expressed an opinion of the amount of such pecuniary loss; that it was proper for the jury to exercise their own judgment upon the facts in proof, by connecting them with their own knowledge and experience, which they are supposed to possess in common with the generality of mankind. [See Owen v. Brockschmidt, 54 Mo. 285; Nagel v. Missouri Pacific Ry. Co., 75 Mo. 653; Grogan v. Broadway Foundry Company et al., 87 Mo. 321; Parsons v. Missouri Pacific Ry. Co., 94 Mo. 286, 6 S. W. 464; Tetherow v. St. Joseph & Des Moines R. R. Co., 98 Mo. 74, 11 S. W. 310; Sharp v. National Biscuit Co., 179 Mo. 553, 78 S. W. 787.]

As the judgment in this case is to be reversed, it is well to call attention to the fact that in most of. the cases above cited reference is made to the fact that there was evidence of the condition in life of the parents, in some of them, to the amount of wages earned (although that was not pleaded), and in general, evidence "with reference to the necessary injury resulting from such death, to the sustaining parties who may

be entitled to sue." [Section 5427, Revised Statutes 1909.]

In a very recent case Smelser v. Missouri, K. & T. Ry. Co., 262 Mo. 25, 170 S. W. 1124, Judge WALKER of our Supreme Court says matters specifically showing the pecuniary value of the injuries necessarily resulting from the death, should be both pleaded and proven. While this expression of Judge WALKER is not concurred in by the other members of the court, and the case was one by the administrator, and not, as here, by the parent, if a new trial is had, doubtless this point, while we do not hold it essential to a recovery, can be met and covered both by amendment of the petition and by the proofs. It is sufficient to say, for the determination of the case as now before us, that we do not think these fourth and fifth assignments tenable, and that we would not reverse this judgment for those reasons.

In the second instruction given at the instance of plaintiffs, the court told the jury that if they found from the evidence that the death of Jerry Dalton was caused by the negligence or default of the defendant company in using on the train on which he was working in the line of his duty as brakeman, air brakes which were so constructed that they were not reasonably safe, "then your verdict must be for the plaintiffs in such sum as you may deem fair and just, with reference to the necessary injury resulting to plaintiffs from said death, and also having regard to the mitigating or aggravating circumstances attending such neglect or default, not exceeding, however, $10,000."

On behalf of defendant, appellant here, the court instructed the jury that if they found a verdict for plaintiffs in estimating their damages the jury "can only take into consideration what the plaintiffs have lost since September 6, 1911, and what they will lose from his services and the earnings of his labor (if any such loss of service or loss of earnings of his labor has

been shown by the evidence) for a period of one year and eight months or until their said son would have arrived at the age of twenty-one years, less the cost of the reasonable care and maintenance of said son and the medical attendance of said son during said period of one year and eight months.''

It is argued by learned counsel for appellant that this instruction number 2, given at the instance of plaintiffs, is grossly erroneous and in direct opposition to every adjudicated case in Missouri, and the fact that appellant's instruction correctly declared the law does not cure this gross error.

Attending to the last proposition, we do not think that this instruction, given at the instance of appellant, is correct or that it should have been given. There was not a particle of evidence in the case as to any expenditure of cost of care and maintenance, or any expenditure for medical attendance. It was further erroneous in that it left out from consideration the provisions of the statute (section 5427) that in determining the amount of damages the jury might also have regard to mitigating or aggravating circumstances attending the neglect or default of defendant. See Owen v. Brockschmidt, supra, in which case Judge SHER-WOOD, considering an instruction asked by defendant and very like the one here given for defendant, has said that "the instruction . . . ignored and made no mention of the circumstances, whether aggravating or mitigating, under which the killing took place, but left it to the jury as a simple question of dollars and cents to say by what amount the mother had suffered actual pecuniary loss in the death of her child. Such a construction as this would make the words 'having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default,' above mentioned, wholly meaningless and inoperative. Under the statute the jury are not restricted to such dam-

ages as are the necessary and inevitable result of the injuries sustained, but are free also to consider, in making up their verdict, the circumstances attendant on the 'wrongful act, neglect or default,' which gave rise to the injury complained of.''

Like instructions to that here given at the instance of plaintiffs have been approved in Nagel v. Missouri Pacific Ry. Co., supra. In several cases, as for example see Tetherow v. St. Joseph & Des Moines R. R. Co., supra, it is held that if defendant's counsel thought the instruction, in following the statute, was too broad, and thought that there were mitigating circumstances, they should have presented that question to the trial court. Not having done so, they could not now complain, the court not being required, in civil actions, to instruct the jury on questions of law not suggested at the time by counsel. So it was held in Browning v. Wabash Western Ry. Co., 124 Mo. 55, 27 S. W. 644; also in Boettger v. Scherpe & Koken Architectural Iron Co., 124 Mo. 87, 27 S. W. 466, and in Geismann v. Missouri-Edison Electric Co., 173 Mo. 654, l. c. 679, 73 S. W. 654.

The fact that this instruction given on the question of the measure of damages may be contrary to and in conflict with that given on the same subject at the instance of defendant, does not avail defendant (appellant) unless it appears that its instruction is correct. In other words, if the instruction asked by defendant, appellant here, was wrong it was self-invited error, of which appellant cannot avail itself. [See Thompson v. Moon Buggy Co., 155 Mo. App. 597, l. c. 608, and following and cases there cited, 145 S. W. 1088.] We hold, for the reasons before stated, that appellant's instruction was wrong.

The seventh and eighth assignments, on failure of the court to sustain demurrers at the close of the testimony for respondents and at the close of all the testimony in the case, are untenable. There was evidence

in the case warranting it to go to the jury under proper instructions, matters of aggravation, as for example the matter of the brake, and the knowledge of defendant (actual or implied) of its dangerous character.

The eleventh assignment is untenable. That assignment proceeds upon the theory that evidence was improperly admitted showing that this railroad was a common carrier and allowing evidence to show that this manner of arrangement of the brakes and of the application of power to them was not common on other railroads. While it is clear that this company was not operating its railroad as a common carrier, it is also clear that no evidence to prove that was offered. But it is clear from the evidence that defendant was operating a railroad from one point to another over its property; that it was within its corporate rights in so doing and that this young man was in its employ as a brakeman on this train when killed. So that that point, as made by learned counsel for appellant, is not sound. The evidence attacked was that which was admitted, tending to show that other railroads, common carriers, did not use cars equipped with brakes operated as here. We see no error in that.

The tenth assignment is to the giving of the first instruction asked by respondents. That instruction is as follows:

"The court instructs the jury that it was the duty of the defendant company, when operating a railway in connection with its lead mines or for any other purpose, to use ordinary care, to have and keep its said railway and all locomotives, cars and appliances which it used in connection therewith in a reasonably safe condition and to operate and manage and run the same with ordinary care and skill for the protection of its employees; and if you find from the evidence that defendant failed to use ordinary care and diligence to discharge its duty *in the matters aforesaid;* and

if you further find that Jerry Dalton was the son of plaintiffs and was, at the time of his death, under the age of twenty-one and unmarried, and that he had no children or lineal descendants; and if you also find that, while the said Jerry Dalton was working on said railway as an employee of defendant and was using ordinary care on his part, he lost his life because of the failure aforesaid of the defendant *to do its duty;* then your verdict must be for the plaintiffs.'' (Italics ours.)

We are compelled to hold that this assignment is well made and that the giving of this instruction constitutes reversible error in that it fails to point out to the jury the negligence which must be found in order to sustain the verdict for plaintiffs. All that it sets out as to the acts of negligence is in the words we have italicized. By reference to the petition it will be seen that it proceeds on a specific act of negligence— the dangerous construction of the brakes, or more exactly, the result on the action of the brakes of the manner in which the power was to be applied. Such a general instruction, under the averments of this petition, is wrong and giving it is reversible error. [See Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Strode v. Columbia Box Co., 250 Mo. 695, 158 S. W. 22; Sommers v. St. Louis Transit Co., 108 Mo. App. 319, 83 S. W. 268, and Crone v. St. Louis Oil Co., 176 Mo. App. 344, 158 S. W. 417.] These are a few among the many cases which lay down the rule, firmly established in our jurisprudence, that the giving of such an instruction under such issues as are here presented, is reversible error. That rule is too well settled to admit of our ignoring the vital and radical defect in this instruction.

As this alone necessitates a reversal of the judgment of the circuit court, it is unnecessary to notice the other assignments of error, adding however, that we discover no other reversible error.

The judgment of the circuit court is reversed and the cause remanded, with leave to respondents, if they are so advised, to amend their petition.

*Nortoni, J.,* concurs; *Allen, J.,* in the result.