LOUISA LEIMBACH, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed February 8, 1921.

1. **NEGLIGENCE: Pleading: Evidence: Instructions: Should Only Submit Specific Act or Acts Charged and Shown by Evidence.** In an action for damages for personal injuries, where the petition pleads a specific act or specific acts of negligence, and the evidence for the plaintiff tends to show one or more of the specific acts charged, the instructions should submit only the specific act or acts of negligence charged and shown by the evidence.

2. ——: ——: ——: ——: General in Terms: Pleading and Proof Specific: Harmless Error.   Where the negligence charged in the petition is that defendant's servants negligently caused the car to jerk while plaintiff was attempting to alight therefrom, held that an instruction that "if your verdict is for plaintiff you will assess her damages at such sum as you believe and find from the evidence will be a fair and reasonable compensation to her for any injuries, if any, she may have sustained, and from which she will suffer in the future, if any, as a direct result of the negligence, if any, of the defendant," if subject to criticism as being broader than the petition, could not have had the effect of influencing the jury to the defendant's prejudice, in view of the nature of the evidence and the instructions given for the defendant; that the error in giving such instruction, if any, was harmless error, and not one affecting the merits of the action or the substantial rights of the appellant.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*Chas. W. Bates* and *T. E. Francis* for appellant.

The court erred in giving, of its own motion, instruction No. 5, for the reason that it did not submit the specific act of negligence set out in the petition, but was merely a "roving commission" to the jury to find for plaintiff "on any theory of negligence they might evolve out of their own minds." Beave v. St. Louis Trans. Co., 212 Mo. 331; Allen v. St. Louis Trans. Co., 183 Mo. 411; Miller v. U. R. Co., 155 Mo. App. 528; Mulderig v. U. R. Co., 116 Mo. App. 655; Sommers v. Transit Co., 108 Mo. App. 319; Dalton v. Refining Co., 188 Mo. App. 529; Feldwerth v. Railroad, 181 Mo. App. 630; Eastridge v. Lumber Co., 188 Mo. App. 438; Casey v. Bridge Co., 114 Mo. App. 47.

*Charles P. Comer* for respondent.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff while attempting to alight from a

street car operated by defendant, and alleged to have been occasioned by defendant's negligence. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff in the sum of $1500, and the defendant appeals.

The petition alleges that while plaintiff was a passenger upon defendant's street car she signalled for the car to stop, and that as she was leaving the car, defendant's servants operating it "negligently and carelessly caused her to be thrown with great force and violence to the 'street," whereby she was injured. The specific negligence charged is that "while plaintiff was alighting from said car defendant's agents and servants caused said car to jerk and throw plaintiff to the street with great force and violence."

The answer is a general denial.

Plaintiff's testimony is that when the car stopped, in response to a signal given by her, she stepped on th' car step, whereupon the car moved and she fell to the street. When asked to describe the movement of the car, she said: "The car was stopped and I stepped on the step coming down, and when I was on the step, the ~ar gave a jerk and throwed me out on the street." On cross-examination, she said: "The car was standing perfectly still when I started to alight."

The only other testimony in plaintiff's behalf pertains to a written statement that was shown to plaintiff during her cross-examination, purporting to be a statement signed by her at the instance of a claim agent of the defendant. Plaintiff denied that she signed the instrument.

In behalf of defendant the motorman of the car testified that after having received a signal to stop, he began to slacken the speed of the car, and when within "about four or five or six feet" of the usual stopping place he opened the front door of the car and plaintiff "got out and stepped off," while the car was still running, but running very slowly. And he stated that there was no unusual movement of the car while plaintiff was alighting.

On cross-examination he said that the car was "barely moving" when plaintiff got off.

The motorman's version of what occurred is corroborated by the testimony of a witness who was a passenger on the car, and by the written statement of an absent witness—it being admitted by respondent that the witness, if present, would testify to the facts contained in this statement.

Plaintiff requested no instructions. At the request of the defendant the court gave the two following instructions, viz.:

1. "The court instructs the jury that if you find and believe from the evidence that at the time and place in question plaintiff attempted to alight from a street car while the same was in motion and before it had come to a stop, and that the street car suffered no movements other than those usual and customary to a moving street car, and that whatever injuries plaintiff sustained were caused by her act in so alighting from a street car while the same was in motion and without any unusual or extraordinary movements, then plaintiff is not entitled to recover and your verdict should be for the defendant."

2. "The court instructs the jury that the fact, if it be a fact, that the door on the front platform of the street car mentioned in the evidence was open while the street car was in motion and when plaintiff attempted to alight from the same, does not of itself under the pleadings and evidence justify you in finding in favor of the plaintiff."

Of its own motion the court instructed the jury as to the burden of proof and preponderance of the evidence; and also that nine jurors might return a verdict. The court then, of its own motion, gave the following instruction on the measure of damages (instruction No. 5):

"*If your verdict is for plaintiff* you will assess her damages at such sum as you believe and find from the evidence will be a fair and reasonable compensation to her for any injuries, if any, she may have sustained and from which she will suffer in the future, if any, *as a direct result of the negligence, if any, of the defendant,* and for such reasonable sum, if any, she has become obligated

to pay for medical attention because of such injuries, if any, but you cannot allow for this last item more than $100." (Italics ours).

Appellant makes but one assignment of error, and that is to the action of the court in giving instruction No. 5, supra. This instruction is assailed on the ground that "it did not submit the specific act of negligence set out in the petition, but was merely a roving commission to the jury to find for plaintiff on any theory of negligence they might evolve out of their own minds."

There can be no doubt as to the correctness of the general principle upon which appellant's assignment of error proceeds, namely, that, in a case of this character where the petition pleads a specific act or specific acts of negligence, and the evidence for the plaintiff tends to show one or more of the specific acts charged, the instructions should submit only the specific act or acts of negligence charged and shown by the evidence. Otherwise stated, instructions must keep within the purview of both the pleadings and the evidence, and not be broader than either. As to this the authorities in this State are numerous. In support of its assignment of error appellant cites the following cases: Beave v. Transit Co., 212 Mo. 331, 111 S. W. 52; Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142; Miller v. United Railway Co., 155 Mo. App. 528, 134 S. W. 1045; Mulderig v. United Railways Co., 116 Mo. App. 655, 94 S .W. 801; Sommers v. Transit Co., 108 Mo. App. 319, 83 S. W. 268; Dalton v Refining Co., 188 Mo. App. 529, 174 S. W. 468; Feldewerth v. Railroad, 181 Mo. App. 630, 164 S. W. 711; Eastridge v. Lumber Co., 188 Mo. App. 438, 174 S. W. 462; Casey v. Bridge Co., 114 Mo. App. 47, 89 S. W. 330. In each of these cases, with the exception of that last cited. viz., Casey v. Bridge Co., supra, the court had under consideration an instruction or instructions purporting to cover the case on the question of liability, and directing or authorizing a verdict upon a finding of the facts hypothesized.

In Casey v. Bridge Co., supra, the plaintiff sued to recover for injuries sustained by reason of the collapsing

of a bridge alleged to have been negligently constructed by the defendant. The instruction under review was one on the measure of damages—i. e., one by which it was sought to tell the jury what elements of damage were recoverable in the event the jury found for plaintiff, as is the instruction here assailed. The instruction in the Casey case, as set out in the opinion, was as follows:

"If you find a verdict in favor of John Casey, you will assess his damages at such sum  . . .  as will reasonably compensate him for whatever injuries, if any, you find from the evidence he has sustained as a direc' result of the defendant's negligence, and in estimating the damages you will take into consideration." etc.

In commenting upon this instruction the Kansas City Court of Appeals, through Johnson, J., said:

"In thus submitting the issue of negligence to the jury, without in any manner instructing them as to what facts, if found, would constitute negligence, the court left it to them to determine the law as well as the fact. This was reversible error.  . . .  It may be conceded, as argued by the plaintiff, that when the fact of negligence is admitted, it is not necessary to submit it to the jury.  . . .  But plaintiff is wrong in his conclusion that defendant conceded either its negligence, or that the fall of the bridge resulted therefrom. The only fact upon which this conclusion is based is the admission of the foreman that he did not mix the concrete before putting it in place, but, in face of evidence to the contrary, we cannot say as a matter of law that this was a negligent method, or that it resulted in defective concrete work, or that the bridge collapsed on account of defective foundations and piers. It was for the jury to say whether o' not defendant was negligent and that the injury result? therefrom."

It will be noted that the instruction in the Casey case was faulty not only in allowing an assessment of damages for any negligence on the part of the defendant, but also in assuming the defendant's negligence. In the instant case the instruction under consideration does not assume that defendant was negligent; but it allows an assessment

of damages for injuries sustained as a result of "the negligence, if any, of the defendant." Since the instruction purports to be one for the guidance of the jury only in the event that their verdict "is for plaintiff," it may be doubted whether a general reference therein to defendant's negligence ought to be regarded as having the same effect as would the use of the same or like words in an instruction purporting to hypothesize the facts necessary to a recovery by the plaintiff and directing a verdict. But however this may be, when we consider the pleadings and evidence in this case, together with the two instructions given for defendant, it would seem that the instruction assailed could not have had the effect of influencing the jury to defendant's prejudice.

The only negligence charged in the petition is that defendant's servants negligently caused the car to jer while plaintiff was attempting to alight therefrom. Plaintiff testified to one state of facts, viz., that the car came to a stop, and when she attempted to step therefrom it was suddenly moved forward; while defendant's evidence tends to show that the facts were that plaintiff undertook to alight before the car had stopped, and that there was no jerk or other unusual movement of the car. Defendant's first instruction, supra, denied a recovery if the jury found the facts as shown by defendant's evidence; and defendant's second instruction told the jury, in effect, that they could not predicate a recovery upon the fact that the door was opened before the car stopped. Assuming, as, with propriety, we may, that the jurors based their verdict upon the evidence adduced, giving heed to the court's instructions, as it was their sworn duty to do, it would seem that they could have returned a verdict for plaintiff only upon finding that defendant was guilty of the negligence charged and which plaintiff evidence tended to prove; that the jury could not have constructed any other theory of negligence as a basis for a recovery. Such was not the situation in the Casey case, supra.

In Riley v. City of Independence, 258 Mo. 671, l. c. 683, 167 S. W. 1022, the Supreme Court had under con-

sideration an instruction, in an action for personal injuries, which purported to cover the whole case and directed a verdict. In disposing of appellant's attack upon that instruction the court, through GRAVES, J., said:

"The objection urged is that the instruction is too general in its terms, under the pleadings in the case. It is urged that the petition pleads specific negligent acts, and the instruction is so general in terms as to allow the plaintiff to recover for other negligent acts than those pleaded. We think that the instruction is subject to the criticism made. When the plaintiff relies upon specific acts of negligence, he must recover, if at all, upon these acts of negligence, and none other. This is a rule of long standing in this State. Not only so, but instructions should not be broader than the pleadings—i. e., they should not present matters for determination, not charged in the pleadings. And if, perchance, the pleadings are broader than the proof, the instructions must not be broader than the proof, although the pleadings would justify broader instructions had the proof fully measured up to the pleadings. The rule is that the instructions must be within both the proof and the pleadings. But does it follow from all this that his case should be reversed for this defect in the instruction? We think not. The jury could not have been misled by the general terms of the instruction, because the proof in the case covered only the specific matters complained of in the petition. Had the proof gone beyond the specific matters mentioned in the petition we would have had a different proposition entirely. But here the proof was confined strictly to the negligent acts charged in the petition, and the jury therefore had before it no other negligent act to consider. Under these circumstances we do not think that this instruction was misleading or in anywise injurious to the defendant. Error without injury is not reversible error."

Under the circumstances present in the case before us, as shown above, we are of the opinion that the error in giving this instruction, if error it be, is not one affecting the merits of the action (Sec. 2082, R. S. 1909, Sec.

1513, R. S. 1919) or the substantial rights of the appellant (Sec. 1850, R. S. 1909, Sec. 1276, R. S. 1919).

It results that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.